THE STATE OF OHIO, APPELLEE, *v.* SMITH, APPELLANT.

(No. 12265—Decided February 19, 1986.)

*Lynn C. Slaby,* prosecuting attorney, for appellee.

*Darrell L. Heckman,* for appellant.

QUILLIN, J. The trial court denied appellant's petition for post-conviction relief and her motion for new trial which was based upon the grounds of newly discovered evidence. We affirm.

The defendant-appellant Maria Smith was convicted of murder by a jury in 1980 for causing the death of Garfield Boykin. Boykin had been shot three times. One wound was a superficial scalp wound, while a second shot went through the brain. The third wound was to Boykin's chest, where a large quantity of blood accumulated in the lung. At trial, Smith claimed that Boykin had tried to rape her and, therefore, the shooting was done in self-defense. This court affirmed the conviction in *State* v. *Smith* (Apr. 8, 1981), Summit App. No. 9774, unreported.

In 1983, Smith filed a petition for post-conviction relief. Smith alleged ineffective assistance of trial counsel and the withholding of evidence by the state including the name of an "unknown" witness to the shooting. At the same time Smith filed the petition, she also filed a set of interrogatories directed to the state. The state did not answer them, claiming that it had no duty to do so. Smith moved the trial court to compel the state to answer the interrogatories. The trial court denied the motion and later denied the petition for post-conviction relief.

In addition to her petition for post-conviction relief, Smith filed a motion for new trial, supported by an affidavit of Dr. David A. Ucker. Smith advanced the new theory that she had not killed Boykin, but that her boyfriend had killed him. Smith claimed that while she did shoot Boykin in the chest, her boyfriend later inflicted the wound to the brain. Dr. Ucker's affidavit supported this explanation by stating that the brain wound would have caused Boykin's death almost instantaneously, thereby stopping his heart. Dr. Ucker further stated that it would have taken approximately fifteen minutes for the amount of blood in Boykin's lungs to have accumulated. Thus, Dr. Ucker concluded that the head wound had to be inflicted about fifteen minutes after the chest wound to allow for the pumping of blood to the lungs. This theory thus dovetailed with Smith's contention that her boyfriend shot Boykin in the head after he learned that Smith had shot him in "self-defense."

The state countered this evidence with a statement by Dr. William Cox, the county coroner. Dr. Cox, who performed the autopsy on Boykin, stated that the wound to Boykin's brain would not have under any circumstances caused his death instantaneously or even within one or two minutes. The trial court denied the motion for new trial,

stating that Dr. Ucker's affidavit did not disclose a strong probability that the result of a new trial would be different. Smith now appeals from the denial of her motion for post-conviction relief and the motion for new trial.

### Assignment of Error I

"The trial court erred in overruling defendant-appellant's motion for leave to file motion for new trial without granting a hearing on the motion."

A ruling on a motion for new trial on the ground of newly discovered evidence is within the discretion of the trial court and, in the absence of a clear showing of abuse of discretion, the ruling will not be disturbed on appeal. *State* v. *Williams* (1975), 43 Ohio St. 2d 88, 72 O.O. 2d 49, 330 N.E. 2d 891, paragraph two of the syllabus. Similarly, the decision on whether the motion warrants a hearing also lies within the trial court's discretion. Finally, to warrant the granting of a motion for new trial in a criminal case based upon the ground of newly discovered evidence, it must be shown that the evidence meets five criteria. See *State* v. *Lewis* (1970), 22 Ohio St. 2d 125, 51 O.O. 2d 209, 258 N.E. 2d 445. One of these criteria is that the evidence must disclose a strong probability that it will change the result if a new trial is granted. *State* v. *Lewis, supra*. We find that the trial court did not abuse its discretion in holding that Dr. Ucker's affidavit did not fulfill this requirement.

Dr. Ucker's theory that Boykin's head wound was instantaneously fatal was refuted by Dr. Cox. It is not an abuse of discretion for a trial court to deny a motion for new trial, made upon the ground of newly discovered evidence, when the evidence offered in support thereof is fully contradicted by evidence offered by the prosecution. *State* v. *Sheppard* (1955), 100 Ohio App. 399, 424, 60 O.O. 332, 345-346, 128 N.E. 2d 504, 520. It is probable that given the two statements, the result of a new trial

for Smith would not be different. Finally, in light of the unequivocal statement of Dr. Cox that under no circumstances could the wound have been instantaneously fatal, we find no abuse of discretion by the trial court in deciding that the motion did not warrant an oral hearing. Accordingly, the assignment of error is overruled.

### Assignment of Error II

"The trial court erred in failing to require the state to answer defendant's interrogatories in the post-conviction petition."

A petition for post-conviction relief is a civil proceeding. *State* v. *Milanovich* (1975), 42 Ohio St. 2d 46, 71 O.O. 2d 26, 325 N.E. 2d 540. The procedure to be followed in ruling on such a petition, however, is established by R.C. 2953.21 *et seq. State* v. *Hiltbrand* (May 16, 1984), Summit App. No. 11550, unreported. R.C. 2953.21 provides in part:

"(C) Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. * * *

"(D) Within ten days after the docketing of the petition, or within such further time as the court may fix for good cause shown, the prosecuting attorney shall respond by demurrer, answer, or motion. Within twenty days from the date the issues are made up either party may move for summary judgment as provided in section 2311.041 * * * of the Revised Code. A bill of exceptions is not necessary in seeking summary judgment. The right to such judgment must appear on the face of the record.

"(E) Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment thereon."

These provisions do not mandate a hearing for every post-conviction petition. *State* v. *Jackson* (1980), 64 Ohio St. 2d 107, 18 O.O. 3d 348, 413 N.E. 2d 819. The pivotal concern under R.C. 2953.21 is whether there are substantive grounds for relief which would warrant a hearing based upon the petition, the supporting affidavits, files and records of the case. *Jackson, supra.* The statute does not contemplate the use of interrogatories in determining whether a hearing is warranted.

In addition, the petitioner bears the initial burden of submitting evidentiary documents containing sufficient operative facts to demonstrate her claim and to merit a hearing. *State* v. *Kapper* (1983), 5 Ohio St. 3d 36, 5 OBR 94, 448 N.E. 2d 823. In determining whether there are substantive grounds for relief so that a hearing must be granted, the trial court is not required to order that interrogatories propounded by the petitioner be answered. Therefore, the trial court did not err in refusing to compel the state to answer Smith's interrogatories which were submitted at the initial stages of the post-conviction relief process. Accordingly, the assignment of error is overruled.

### Assignment of Error III

"The trial court erred in overruling defendant's post-conviction petition on the grounds of incompetent counsel."

This assignment of error was withdrawn at oral argument. The judgment is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and BAIRD, J., concur.