[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
David E. Clark appeals from judgment of the Montgomery County Court of Common Pleas, which denied his petition for post-conviction relief without a hearing.
Clark was convicted of aggravated murder, attempted aggravated murder, two counts of aggravated burglary, and one count of aggravated arson on August 27, 1991. His convictions were affirmed on appeal. State v. Clark (May 4, 1994), Montgomery App. No. 13435, unreported. Clark filed petitions for post-conviction relief on August 1 and November 25, 1996, alleging, inter alia, that the state's "star" witness against him had recanted his trial testimony in a deposition in a related civil case. The state filed a motion for summary judgment. Without conducting a hearing, the trial court granted the state's motion for summary judgment on both petitions.
Clark raises three assignments of error on appeal. The first two assignments are related and will be addressed together.
 I. THE COURT OF COMMON PLEAS COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, BY ALLOWING APPELLANTS [SIC] CONVICTION TO STAND AFTER THE CREDIBLE RECANTATION OF MATERIAL TESTIMONY. II. THE COURT OF COMMON PLEAS ABUSED ITS DISCRESSION [SIC], COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, BY FAILING TO GRANT A HEARING TO DETERMINE THE VALIDITY OF A RECANTATION OF MATERIAL TESTIMONY.
Clark contends that the trial court erred in not conducting a hearing to determine the credibility of deposition testimony allegedly contradicting testimony offered at Clark's trial and in denying his petitions for post-conviction relief.
The trial court granted summary judgment on Clark's second petition because it found that the petition was untimely. Because Clark has not challenged this finding and because the arguments raised in each of the petitions were similar, we will address only the propriety of the trial court's granting of summary judgment on the first petition. Specifically, Clark challenges only the trial court's finding that the new evidence of recanted testimony did not warrant a hearing or a new trial.
In his petition, Clark discussed the deposition of John S. Spicer, Jr., one of his co-defendants and the prosecution's alleged "star" witness against him at trial. Spicer's deposition was filed in a civil case related to the arson fire which precipitated the charges of which Clark had been convicted. Clark claimed that, in the deposition, Spicer had stated that he had "had no criminal involvement in [Clark's] case and [had] lied at [Clark's] trial." Clark attached to his petition his own unsworn affidavit stating that Spicer's deposition testimony directly conflicted with Spicer's trial testimony. Spicer's deposition was not attached. The affidavit also alleged that Spicer was not the only co-defendant to have changed his story since Clark's trial. The trial court found that Clark's petition had not alleged any constitutional violation cognizable in a petition for post-conviction relief, that his argument was ambiguous, that no supporting documents were attached, and that Clark had therefore failed to show a genuine issue of material fact regarding his petition.
On appeal, Clark contends that the trial court erred in failing to recognize the alleged constitutional violation and in failing to grant a hearing on his petition. Clark attached portions of Spicer's deposition purportedly recanting his trial testimony to his brief. Because these excerpts were not before the trial court, we will not consider them on appeal. Based on the record before the trial court, we conclude that the trial court properly found that Clark had not created a genuine issue of material fact requiring either the granting of his petition or a hearing on his petition.
A hearing is not automatically required when a petition for post-conviction relief is filed. See R.C. 2953.21(C), (E); Statev. Jackson (1980), 64 Ohio St.2d 107, 109-110. The test is whether there are substantive grounds for relief that would warrant a hearing based upon the petition, supporting affidavits, and the files and records of the case. Jackson, supra, at 110; State v.Strutton (1988), 62 Ohio App.3d 248, 251. "[N]ewly discovered evidence which purportedly recants testimony given at trial is `looked upon with the utmost suspicion.'" State v. Isham (Jan. 24, 1997), Montgomery App. No. 15976, unreported; State v. Germany
(Sept. 30, 1993), Cuyahoga App. No. 63568, unreported, citingUnited States v. Lewis (C.A. 6, 1964), 338 F.2d 137, 139. Clark's bare assertion that testimony of a material witness had been recanted, without any documentation of this claim, was clearly insufficient to justify a hearing.
Furthermore, evidence of perjury, without proof of knowledge on the part of the prosecution of that perjury, does not implicate constitutional rights and therefore does not support a petition for post-conviction relief. Isham, supra; State v. Kimble (Sept. 22, 1988), Cuyahoga App. No. 54154, unreported. Even if we were to assume, arguendo, that Clark had sufficiently supported his factual claim that key testimony from his trial had been recanted, he has not asserted that the prosecution had any knowledge of the alleged perjured testimony. As such, the trial court correctly held that Clark's petition did not allege a violation of his constitutional rights.
Clark's first and second assignments of error are overruled.
 III. THE COURT OF COMMON PLEAS ABUSED ITS DISCRESSION [SIC], COMMITTED PREJUDICIAL ERROR, AND DENIED APPELLANT HIS RIGHT TO DUE PROCESS UNDER THE UNITED STATES AND OHIO CONSTITUTIONS, BY FAILING TO GRANT OR EVEN RULE ON APPELLANT'S REQUEST FOR DOCUMENTS.
Clark contends that the trial court should have granted his motion to compel production of several depositions filed in the related civil case and should have taken judicial notice of those depositions. The Ninth and Eighth District Courts of Appeal have stated that discovery, in the traditional sense, is not available to a petitioner in a post-conviction proceeding. State v. Smith
(1986), 30 Ohio App.3d 138, 140; State v. Lott (Nov. 3, 1994), Cuyahoga App. Nos. 66388, 66389, 66390, unreported. In this case, it is unnecessary for us to either agree or disagree the position taken by these courts. In this case, Clark sought to obtain depositions within the court's possession, not the state's possession, so he did not seek discovery in the traditional sense.
Clark contends that R.C. 2953.21(C) required the court to consider all files and records pertaining to the proceedings against him, and that the depositions in the civil case were records pertaining to the proceedings against him. We are unpersuaded by this argument. In our view, R.C. 2953.21(C)'s requirement that the trial court review "all the files and records pertaining to the proceedings against the petitioner" relates only to the criminal proceedings upon which the petition is based. R.C. 2953.21(C) does not require the trial court to review the records of tangentially related civil cases as a matter of course. Clark could have obtained the depositions he sought by utilizing the public records act, R.C. 149.43, which would have enabled him to properly submit the relevant deposition to the trial court. See Lott, supra. He did not do so. Thus, the trial court did not err in failing to rule on Clark's motion to compel the production of documents or in failing to review the documents sua sponte.
The third assignment of error is overruled.
The judgment of the trial court will be affirmed.
BROGAN, J. and FAIN, J., concur.
Copies mailed to:
Carley J. Ingram
David E. Clark
Hon. Barbara P. Gorman