This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant-defendant Joseph A. Charlton appeals from the denial of his delayed motion for a new trial in the Lorain County Court of Common Pleas. This Court affirms.
Following an October 2, 1991 bench trial, Charlton was convicted of resisting arrest, a violation of R.C. 2921.33(A), and aggravated riot with a specification for a previous crime of violence, a violation of R.C. 2917.02(A)(2). Charlton was sentenced to concurrent sentences of sixty days and two and one-half to five years, respectively. These sentences were to run consecutive to a sentence that Charlton was already serving at the time. This Court affirmed those convictions in State v. Charlton
(Oct. 28, 1992), Lorain App. No. 92CA005294, unreported.
Thereafter, on April 24, 1998, Charlton filed a delayed motion for a new trial pursuant to Crim.R. 33. He then moved to amend his motion for a new trial on May 4, 1998, correcting his failure to list the exhibits attached to the April motion. The trial court denied the motion for a new trial in an entry journalized May 7, 1998. Charlton appeals, asserting one assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S DELAYED MOTION FOR NEW TRIAL.
In his sole assignment of error, Charlton argues that the trial court abused its discretion in denying his motion for a new trial because the trial court failed to hold an evidentiary hearing. The Supreme Court of Ohio has explained that "[t]he allowance of a motion for a new trial on the grounds of newly discovered evidence is within the competence and discretion of the trial judge; and in the absence of a clear showing of abuse such decision will not be disturbed." State v. Williams (1975),43 Ohio St.2d 88, paragraph two of the syllabus. Further, this Court has previously stated that "the decision on whether the motion warrants a hearing also lies within the trial court's discretion."State v. Smith (1986), 30 Ohio App.3d 138, 139. An abuse of discretion is more than an error of law; the trial court's attitude must have been unreasonable, arbitrary, or unconscionable. State v. Moreland (1990), 50 Ohio St.3d 58, 61.
Charlton alleged in his motion that he was entitled to a new trial based upon grounds set forth in Crim.R. 33(A):
 (1) Irregularity in the proceedings, or in any order or ruling of the court, or abuse of discretion by the court * * *;
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
* * *
(5) Error of law occurring at the trial;
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *
The time periods in which these grounds may be asserted are set forth in Crim.R. 33(B), which provides:
 Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
(Emphasis added.)
This Court has previously held that a motion for a new trial may be denied as untimely without holding an evidentiary hearing when the movant has failed to obtain an order from the trial court granting permission to file the motion and such an order is required under Crim.R. 33(B). See State v. Dawson (July 14, 1999), Summit App. No. 19179, unreported; State v. Hill (Sep. 23, 1998), Lorain App. No. 97CA006970, unreported. In the instant case, Charlton's motion for a new trial was first filed with the trial court on April 24, 1998, and then amended on May 4, 1998. As such, the motion was filed over two thousand three hundred days after his conviction and sentencing, clearly falling outside the fourteen and one-hundred-twenty-day periods set forth in Crim.R. 33(B). The trial court did not issue an order finding any unavoidable delay as Crim.R. 33(B) contemplates. Accordingly, Charlton's motion for a new trial was not properly before the trial court in the absence of compliance with the procedures set forth in Crim.R. 33(B). See State v. Acevedo (Apr. 24, 1991), Lorain App. Nos. 90CA004843 and 90CA004844, unreported; see, also,State v. Kiraly (1977), 56 Ohio App.2d 37, 52. Because Charlton's motion was untimely filed, this Court cannot say that the trial court abused its discretion in denying the motion without conducting a hearing to evaluate the merits of Charlton's claims.
Charlton's assignment of error is not well taken. The judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
 FOR THE COURT
SLABY, P.J.
WHITMORE, J.
CONCUR