This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Patrick Wooden, Defendant, appeals from the denial of his Motion for Leave to File a Motion for a New Trial and the denial of his Motion for a New Trial. This court affirms.
Defendant was convicted of having a weapon under disability and of felonious assault with a firearm specification. He was sentenced to twelve years incarceration for the above crimes. Defendant filed a timely appeal with this court, and on February 11, 1998, we affirmed his conviction. On November 20, 1997, Defendant filed a petition for post conviction relief. The trial court found Defendant's petition to be without merit and subsequently denied the requested relief on April 1, 1998. On October 28, 1998, Defendant filed a Motion for Leave to File a Motion for a New Trial and a Motion for a New Trial. On November 6, 1998, the trial court denied the Defendant's motions without an evidentiary hearing. Defendant has appealed to this court, raising two assignments of error for review.
 ASSIGNMENT OF ERROR I The trial court prejudicially erred in denying [Defendant's] motion for [a] new trial based upon newly discovered evidence[,] in that the new evidence which was the basis of the motion was material to the issue of guilt and created a strong probability of a different result in the event of a subsequent trial.
Pursuant to Crim.R. 33(A), a defendant may be granted a new trial upon motion to the court if it can be established that at least one of six enumerated causes materially affected the defendant's rights. Defendant premised his motion upon Crim.R. 33(A)(2) and (6), which provide that a motion for a new trial may be granted for prosecutorial misconduct and/or newly discovered evidence which the defendant could not with reasonable diligence have discovered and produced at the trial.
In the case of a jury trial, motions for a new trial shall be filed within fourteen days after the verdict was rendered when based upon Crim.R. 33(A)(1) through (5), and within one hundred twenty days of the verdict when premised upon Crim.R. 33(A)(6). Crim.R. 33(B). Motions for a new trial pursuant to Crim.R. 33(A)(1) through (5) may be filed after the above stated time period has elapsed where clear and convincing proof is provided to establish that the defendant was "unavoidably prevented from filing his motion for a new trial[.]" Crim.R. 33(B). Under these circumstances, should a trial court determine that the defendant was so detained, the motion shall be considered if filed within seven days of the court order relating to such findings. Id. Similarly, where the motion is based upon the discovery of new evidence, the defendant may file a delayed motion for a new trial where it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely. Id. Such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. Id.
Defendant moved for a new trial six hundred four days after the journalization of his conviction. Due to the untimeliness of the motion, "it was incumbent upon Defendant to secure a court order" permitting his request for a new trial. State v. Acevedo (Apr. 24, 1991), Lorain App. Nos. 90CA004843 and 90CA004844, unreported, at 3. Defendant requested but did not receive leave to file his delayed motion for a new trial. Having failed to receive the trial court's permission, Crim.R. 33 was improperly invoked. See Acevedo, supra.
Irrespective of the procedural flaws, the trial court's decision in denying Defendant's motion for a new trial was proper. A trial court's denial of a motion for a new trial will not be disturbed absent an abuse of discretion. Id. at 4. Defendant has failed to meet the required proof necessary to grant the motion for a new trial pursuant to either his newly discovered evidence claim or his prosecutorial misconduct claim. Therefore, the motion was properly denied and the trial court did not abuse its discretion.
Assuming, arguendo, that Defendant had established cause for failure to timely file the motion, he failed to demonstrate that a new trial was warranted. Defendant claims that he has recently discovered a BCI report giving the results of a trace residue test which showed that no gun powder residue was found on the sleeves of the shirt Defendant wore on the night of the shootings. Defendant argued that he should have been granted a new trial based upon this evidence. However, Defendant has failed to meet the criteria necessary to establish that the trace residue report is newly discovered evidence.
Ohio Courts have held that six factors must be reviewed prior to making the determination that a new trial is warranted pursuant to Crim.R. 33(A)(6) and thus, whether the trial court abused its discretion in denying the motion for a new trial. State v. Eubank (1987), 38 Ohio App.3d 141 citing State v. Petro (1947), 148 Ohio St. 505, syllabus. In Petro, the Ohio Supreme Court held that:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, syllabus.
The evidence put forward by Defendant as "newly discovered" fails to warrant a new trial. He has indicated that his appellate counsel was able to obtain a copy of the BCI report merely by filing a written request. He has presented no evidence that his trial counsel could not through due diligence have obtained the BCI report. Furthermore, during the trial the defense entered into a stipulation regarding the BCI testing as follows:
 BCI testing showed the presence of gunshot residue on the Petitioner Patrick Wooden's hands; however it is impossible to determine if it is the result of Patrick Wooden shooting a gun or being shot by a gun.
The trace residue evidence would have been merely cumulative in nature when considered in light of the stipulation. Defendant has argued that these test results would offset the negative impact of the other BCI report showing residue on his hands, thereby admitting that he seeks to utilize the evidence for the purpose of impeaching the other testimony. In light of the testimony given and the evidence presented, it is unclear as to how the report would have changed or impacted the trial result. Defendant has thus failed to meet the first, third, fifth, and sixth prongs of the test. Defendant's motion for a new trial based upon newly discovered evidence was properly denied.
Defendant has also premised his motion for a new trial upon bald accusations and allegations that the prosecution withheld potentially exculpatory evidence in the form of the trace residue test results. Pursuant to Crim.R. 33(C), a motion for a new trial based upon claims of prosecutorial misconduct "must be sustained by affidavit showing their truth[.]" Defendant did not provide affidavits or any other evidence to support his allegations of nondisclosure. Thus Defendant's claim of prosecutorial misconduct was also properly denied. Defendant's first assignment of error is overruled.
ASSIGNMENT OF ERROR II
 The trial court prejudicially erred in denying [Defendant's] motion for [a] new trial without conducting an oral and/or evidentiary hearing.
Defendant was before the trial court with two motions, a motion for leave to file a motion for a new trial and a motion for a new trial. Crim.R. 47 and 57(B) and Loc.R. 7.14(a) of the Court of Common Pleas of Summit County do not require the trial court to conduct an evidentiary hearing prior to determining either matter. See State v. Dawson (July 14, 1999), Summit App. No. 19179, unreported, at 6; State v. Hill (Sept. 23, 1998), Lorain App. No. 97CA006970, unreported, at 4. This court has stated that the "decision on whether the motion warrants a hearing * * * lies within the trial court's discretion." State v. Smith (1986), 30 Ohio App.3d 138,139. Absent an abuse of discretion, this court will not disturb such decision by the trial court. Hill, supra. at 4-5. In this matter, Defendant has failed to show by clear and convincing evidence that any such abuse of discretion occurred. Defendant's second assignment of error is without merit and is overruled.
Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment Affirmed
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
FOR THE COURT
WHITMORE, J.
BATCHELDER, J. CONCUR