OPINION
Defendant-appellant, Otis Hensley, appeals a decision of the Warren County Court of Common Pleas denying his motion for a new trial. We affirm the decision of the trial court.
Appellant was convicted of felonious assault for causing serious physical harm to another person. Appellant's conviction was the result of a fight he had outside a bar with Robert King. The victim testified at trial that he was intoxicated and did not remember much about that night. He recalled that as he left the bar he was hit on the back of the head. He believed that the attack was unprovoked. Appellant testified at trial that King was acting aggressively and looking for a fight that night. According to appellant, King attacked him as he left the bar and his involvement consisted only of trying to defend himself against the attack. King was severely beaten in the attack and suffered extensive and permanent injuries.
Appellant filed a motion for a new trial on the grounds that the victim's memory about the fight returned and he remembered attacking appellant. The motion was denied after a hearing was held, and the victim denied remembering any other information. We affirmed appellant's conviction on direct appeal. State v. Hensley, Warren App. No. CA2000-01-001, 2001-Ohio-001. Over two years after appellant's trial, he filed a second motion for a new trial. Appellant alleged in his motion that newly discovered evidence required a new trial. The trial court denied the motion. Appellant now appeals and raises two assignments of error in his pro se brief. However, both assignments of error allege that the trial court erred by overruling his motion for a new trial. Accordingly, the issues raised by appellant in his two assignments of error will be discussed together.
The trial court denied appellant's motion for a new trial on two grounds. First, the court found that the evidence was not newly discovered evidence. Second, the court found that the information would not have affected the outcome of the trial.
Crim.R. 33(A) states that a new trial may be granted on motion of the defendant "when new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at trial." To prevail on a motion for a new trial based upon the ground of newly discovered evidence pursuant to Crim.R. 33(A)(6), the defendant must establish that the new evidence:
 "(1) is of such weight that it creates a strong probability that a different result would be reached at the second trial; (2) has been discovered since trial; (3) could not in the exercise of due diligence have been discovered before trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence." State v. Hawkins
(1993), 66 Ohio St.3d 339, 350, quoting State v. Petro (1947), 148 Ohio St. 505, syllabus.
The decision to grant or deny a motion for new trial is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, syllabus. The term "abuse of discretion" requires more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. State v. Clark, 71 Ohio St.3d 466, 470,1994-Ohio-43. Likewise, "the decision on whether the motion warrants a hearing also lies within the trial court's discretion." State v. Smith
(1986), 30 Ohio App.3d 138, 139.
Because it is related to other issues raised by appellant, we begin by determining whether the evidence, pursuant to the test outlined inPetro, "is of such weight that it creates a strong probability that a different result would be reached at the second trial." The evidence appellant claims was newly discovered includes police reports showing King was involved in unrelated altercations where the police were called to investigate. Two reports involve incidents where King was intoxicated and combative at the emergency room. One report involves a threat of violence by King against his wife. Another incident involves King being treated in the emergency room. The report states that while in the hospital King cut leather straps off his arm and leg using a razor knife, and when a nurse entered the room he waved the knife at the nurse. Appellant claims that he was unable to discover this evidence until he became aware of the Ohio Public Records Act and obtained someone to act as his agent in retrieving the records.
Appellant argues that this evidence was material in two respects. First, he contends that the evidence was necessary to show that King was the initial aggressor. However, the Ohio Supreme Court recently determined that "[a] defendant asserting self-defense cannot introduce evidence of specific instances of a victim's conduct to prove that the victim was the initial aggressor." State v. Barnes, 94 Ohio St.3d 21,2002-Ohio-68, syllabus. Thus, the evidence contained in the police reports would not have been admissible at trial for this purpose. Appellant also argued that the evidence was admissible to show that King lied during his testimony about "having a knife, possessing a knife, [and] brandishing a knife at somebody, since he testified to such at trial." However, a review of King's testimony shows that appellant is taking King's testimony out of context. The questions asked by the prosecutor and King's responses relate to whether King carried, brandished or threatened anyone with a knife on the night of the attack, not whether he had ever committed these acts. The only question that appears to be related to King's conduct in general was, "do you carry a knife?"
The only report remotely relevant to this question is the police report indicating King waved a razor knife at a nurse in the hospital. However, the type of knife used in the attack does not appear to be the same[1] as the one in the hospital report. It is also not clear from the hospital report that King was carrying a knife, since the report states only that he "used a razor knife." Although the admissibility of this evidence is speculative on the limited evidence before us, even if the report had been used as impeaching evidence to show that King had a knife on one other occasion, the result of the trial would not have changed. King's credibility regarding his memory of the events on the night of the attack was thoroughly explored at trial. King admitted he was intoxicated and remembered very little about that night. The parties stipulated that King was intoxicated and that his blood alcohol level was .283. King answered "I don't remember" to many of the questions asked on direct examination at trial.
On cross-examination, appellant's counsel asked questions to further show how little King remembered. Appellant's counsel also brought out the fact that King's brother-in-law, who was with him at the bar that night, told King after the incident that King got into a fight and was asked to leave the bar. King stated that although he didn't remember getting into a fight inside the bar, there is no reason his brother-in-law would lie to him. Thus, we find the jury was made aware of issues regarding King's credibility, his ability to accurately remember the events of the night, and the fact that he had already been in a fight that night. Thus, we find that even if admissible, the fact that King had a knife on a previous occasion would not have changed the outcome of the trial.
We also find no abuse of discretion in the trial court's determination that the police reports were not newly discovered evidence. In order to consider newly discovered evidence, the evidence cannot have been discovered before trial with the exercise of due diligence. Appellant alleges in an affidavit attached to his motion that he was "unavoidably prevented from discovering this information until such time as I utilized the public records act in Ohio." He also states that he learned of the Ohio Public Records Act in 2000 and began seeking the information in May 2001. Because this evidence consisted of public records, it was obtainable before trial. The fact that appellant was unaware of the public records law is not an excuse for his failure to obtain the records. This information could have been obtained through due diligence. See State v. Baker, Clinton App. No. CA2000-08-018, 2001-Ohio-8700.
We find no merit to appellant's arguments that he was unavoidably prevented from obtaining the records due to a Brady violation by the prosecution. There is no evidence the state was aware that police reports existed on the victim. In addition, the prosecution is required to turn over material only if its disclosure presents a reasonable probability that the result of the proceedings would have been different. State v.Aldridge (1997), 120 Ohio App.3d 122. Because we have already determined that the result of the trial would not have changed with admission of the police reports, no violation exists.
Likewise, we find no merit to appellant's argument that he was unavoidably prevented from discovering the evidence due to ineffectiveness of his trial counsel. To establish his counsel was ineffective, appellant must show that he was prejudiced as a result of counsel's actions. Strickland v. Washington (1984), 466 U.S. 668, 689,104 S.Ct. 2052. As we have already determined the result of the trial would not have changed with the new evidence, even if it were shown his counsel's actions fell below acceptable standards, appellant would not be able to show prejudice. Thus, we find that appellant was not unavoidably prevented from discovering this evidence before trial with the exercise of due diligence.
In conclusion, we find that the trial court did not err in finding that the evidence submitted by appellant was not newly discovered and that the information would not have affected the outcome of the trial. Appellant's assignments of error are overruled.
Judgment affirmed.
WALSH, P.J., and POWELL, J., concur.
[1] The knife used in the attack is not described in the record. However, appellant stated that he "folded it back up" and that he "shut the knife," indicating that the knife was some type of pocket knife.