OPINION
Michael Starling, defendant-appellant, appeals a decision of the Franklin County Court of Common Pleas. The trial court denied appellant's motion for a new trial finding that appellant failed to satisfy the requirements of Crim.R. 33.
On January 18, 1991, Brian Raymond was shot and killed. Stephanie Knight and Teia Armstrong witnessed the murder. Knight testified that she was standing in the doorway of her house when she heard gunshots. She stated that she saw Raymond on the ground and appellant running away from the scene. Knight testified she recognized appellant because he had been dating her sister "Peaches." Armstrong testified that she heard gunshots and saw a person run back into a house. Armstrong stated that she recognized the shooter because she remembered seeing him with Peaches. During appellant's trial, Armstrong identified appellant as the shooter.
Evidence was also submitted to corroborate Knight and Armstrong's testimony. Approximately two hours after the shooting, police transported appellant to police headquarters. After they arrived at the police station, an officer found six .38 caliber cartridges in the rear seat of the cruiser where appellant had been seated. The officer testified that appellant was the only person who had been in the backseat of the cruiser. The bullet used to kill the victim was identified as either a .38 caliber or possibly a .357 caliber bullet. A third witness saw a white man fleeing from the shooting. A fourth witness said he had seen the light-skinned man earlier in the day with a girl who lived at or near the location of the shooting. Knight testified that the neighborhood was predominantly black.
On October 22, 1991, a jury found appellant guilty of murder, a violation of R.C. 2923.11. The jury also found that the murder was committed while appellant had a firearm. Appellant was sentenced by the trial court to serve a term of imprisonment of fifteen years to life plus three years for the firearm specification. Appellant appealed his conviction to this court. We affirmed appellant's conviction in State v. Starling (1992), Franklin App. No. 91AP-1348, discretionary appeal not allowed, 65 Ohio St.3d 1455.
On November 23, 1992, appellant filed a petition to vacate or set aside his judgment of conviction pursuant to R.C. 2953.21 with the trial court. In his petition, appellant submitted an affidavit from his appellate counsel, David Graeff. Graeff stated that he met with Knight and that "she was afraid of going to jail for perjury, because the statement she gave me indicated that she gave false testimony at the trial of my client." On March 15, 1994, the trial court dismissed appellant's petition finding that none of his claims warranted an evidentiary hearing.
On November 13, 2000, appellant filed a motion for a new trial pursuant to Crim.R. 33, arguing that he was unavoidably prevented from presenting newly discovered evidence within 120 days of his conviction. Appellant claimed in an affidavit that his friend, Dennis Washington, told him Knight was "willing to cooperate and tell the truth about my case, that is, that she did not see me run from the scene as she testified at trial." Appellant also claimed he received a letter from Armstrong who allegedly indicated that she "had been pressured by police into identifying me even though she did not see who did the shooting." Appellant claimed the letter from Armstrong was "lost during a commotion in my cell."
On October 24, 2001, the trial court denied appellant's motion for a new trial. The trial court stated appellant's claim that Knight and Armstrong were willing to recant their testimony given during appellant's trial was "not compelling."
 Teia Armstrong testified at trial that she saw [appellant] shoot the victim. Stephanie Knight testified at trial that she saw [appellant] running near the crime scene after she heard shots. However, neither of these witnesses has signed an affidavit recanting the trial testimony. In fact, Stephanie Knight has indicated that she would testify at a hearing only if subpoenaed to do so. Teia Armstrong is even less willing to formally recant. [Appellant's] attorney has been in contact with both the witnesses and has been unsuccessful in obtaining their signatures on the respective affidavits. Thus, if both or either of the witnesses planned on recanting the trial testimony, [appellant's] attorney could have easily obtained their signatures on the affidavits before filing the motion or supplemental memorandum.
Appellant appeals this decision and asserts the following assignment of error:
 The Trial Court abused its discretion and committed reversible error prejudicial to Appellant's rights by summarily overruling Appellant's Motion For A New Trial Based On Newly Discovered Evidence where the supporting affidavits and files and records of the case more than adequately demonstrated a clear need to provide the Appellant an evidentiary hearing in furtherance of his claims.
Appellant argues in his single assignment of error the trial court abused its discretion when it denied his motion for a new trial. Appellant claims his motion should have been granted based upon "two sworn affidavits from two separate attorneys who heard firsthand from the two principal witnesses, Teia Armstrong and Stephanie Knight, that they had been pressured to falsely identify the Appellant at his trial for aggravated murder against Brian Raymond."
Crim.R. 33(A)(6) states that a new trial may be granted when "new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial." When a motion for a new trial is based upon newly discovered evidence, "the defendant must produce * * * the affidavits of the witnesses by whom such evidence is expected to be given * * *." Id.
A motion for a new trial based upon newly discovered evidence must be filed within 120 days after the verdict unless the court finds by clear and convincing proof that the defendant was unavoidably prevented from discovering the evidence within the 120 day time period. Crim.R. 33(B). A reviewing court will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion. State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶ 82. Likewise, the decision on whether the motion warrants a hearing also lies within the trial court's discretion. State v. Hensley, Warren App. No. CA2002-01-002, 2002-Ohio-3494, at ¶ 7, following State v. Smith (1986), 30 Ohio App.3d 138, 139.
A review of the record shows that appellant's motion was filed more than nine years after the time he was required to file it. Therefore, we find that appellant's motion was untimely. Additionally, a review of the record shows that appellant did not produce any affidavits from potential witnesses who would testify concerning the "newly discovered evidence." The only affidavit appearing in the record with appellant's motion for a new trial is an affidavit by appellant in which he relies solely upon inadmissible hearsay evidence.
In his affidavit, appellant claims that his attorney told him that he was unable to reduce Knight's statements to an affidavit. However, appellant gives no indication as to what Knight would have stated. Appellant also claimed that Washington told him that Knight told Washington she was "willing to cooperate and tell the truth about my case, that is, that she did not see me run from the scene as she testified at trial." Appellant further claimed that Armstrong told him the police had pressured her into identifying appellant as the shooter. Armstrong allegedly told appellant this information through a letter. Appellant was unable to submit the letter because it had been "lost during a commotion in my cell."
To warrant the granting of a new trial, the new evidence must, at the very least, disclose a strong probability that it will change the result if a new trial is granted. LaMar, at ¶ 85. The petitioner has the burden of establishing that the new evidence created a strong probability of a different result if a new trial was granted. State v. Luckett (2001), 144 Ohio App.3d 648, 661. In the present case, the trial court found that appellant should have submitted supporting affidavits with his motion. In light of the fact that appellant's motion was supported only by appellant's affidavit, which was based upon hearsay, the trial court could have correctly concluded that the evidence submitted did not create a strong probability that it would change the result if a new trial was granted.[1]
Accordingly, we find that the trial court did not abuse its discretion when it denied appellant's motion for a new trial because: (1) the motion was untimely; and (2) appellant failed to meet his burden establishing that the new evidence created a strong probability of a different result if the motion was granted. Therefore, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
LAZARUS and BOWMAN, JJ., concur.
[1] We note that the trial court in its decision referenced an affidavit from Washington. A review of the record shows that Washington's affidavit was not included in the record. However, a supplemental memorandum in support of appellant's motion for a new trial filed on July 30, 2001 stated that an affidavit from Washington was attached to the memorandum. Appellant claimed in his supplemental memorandum that Washington claimed to have seen another man move behind Raymond seconds before the fatal shots were fired. However, the trial court upon reviewing the affidavit found that it "does not have a strong probability of changing the result if a new trial is granted * * * [and] does not warrant a new trial."