### State v. Wright
*[Cite as 3 AOA 62]*

*Case No. 89-CA-64*
*Greene County (2nd)*
*Decided May 31, 1990*

*William F. Schenck, Greene County Prosecutor, Greene County Courthouse, 45 N. Detroit Street, Xenia, Ohio 45385, Attorney for Plaintiff-Appellee.*

*Cedric Wright, No. 189-213, Box 56, Lebanon, Ohio 45036, Attorney for Defendant-Appellant.*

FAIN, J.

Defendant-appellant Cedric Wright appeals from the denial of his motion for a new trial, based upon newly-discovered evidence. Wright submitted an affidavit from one of the witnesses against him at trial, in which the witness recanted his testimony. The affidavit was accompanied by a letter from the witness, to the trial judge, stating that: "Cedric Wright did not know until this date, July 3, 1989 that I was going to make a notarized statement, and the contents of that statement."

The trial court denied Wright's motion for a new trial, without a hearing, upon the grounds that Wright had failed to show, by clear and convincing evidence, that he was unavoidably prevented from the discovery of the evidence upon which he was relying for his motion for a new trial.

We conclude that it is error for a trial court to determine, without a hearing, that a defendant has failed to establish by clear and convincing evidence that he was unavoidably prevented from the prior discovery of evidence, when documents submitted by the defendant, on their face, support his claim that he was prevented from earlier discovering the evidence. Accordingly, the

trial court's denial of Wright's motion for a new trial without a hearing will be reversed, and this cause will be remanded for a hearing upon Wright's motion.

## I

Wright was convicted, following a jury trial, of one count of Aggravated Robbery, with both a firearm specification and a prior aggravated felony specification, and also of one count of Robbery. Wright was sentenced accordingly.

Wright appealed his convictions and sentences, but this court affirmed his convictions and sentences.

In February, 1989, Wright filed a petition for post-conviction relief. Included as an exhibit to that petition was a copy of a letter that Wright had received from one of the witnesses against him at trial: Michael Hayes, a co-participant in the offense. Included in that letter was the following sentence:

"Dig, Bro, I called uncle Lendale about three weeks ago to see what was up with him and he act like he didn't want to hear from me. I guess he don't like me because I lied on you in court, I will always make it in life no matter what happens."

Among other matters raised in Wright's petition for post-conviction relief was Wright's argument that he was entitled to relief by virtue of Hayes' recantation in that letter.

In its judgment entry denying Wright's petition for post-conviction relief, the trial court dealt with that argument as follows:

"The Petitioner also relies on a copy of a purported letter, Exhibit D, allegedly sent to the Petitioner by one of the witnesses at his trial to impeach the witnesses' [sic] trial testimony. The burden is on the Petitioner to bring forward documentary evidence with enough operative facts to substantiate the claim and thereby merit a hearing. *State v. Smith*, 30 Ohio App. 3d 213, 522 N.E. 2d 1089 (Summit Co. 1986) (Leave to Appeal to the Supreme Court of Ohio was overruled on May 28, 1986, case no. 86-543; U.S. cert denied at 479 U.S. 860). Standing alone as it does, the purported letter is not enough evidence to warrant a hearing."

On July 21, 1989, Wright filed a motion for a new trial upon the original charge. Wright based his motions for a new trial upon newly discovered evidence, to-wit, the following affidavit of Michael Hayes:

"I, Michael Hayes, without coercion, threats, promises of any kind [sic] do hereby make the following statement:

"That I was a witness for the prosecution against Cedric Wright in the Greene County, Ohio Common Pleas Court, Case No. 85-CR-333 and 85 CR 35. I testified at trial concerning a statement that I gave the police officers concerning Cedric Wright involvement in a bank-robbery.

"The testimony that I gave at that trial was false. The reasons I gave the statement to the police involving Cedric Wright was because the police told me if I did not I was going to be tried for the bank robbery as an adult and get life in prison, and that I will be made a girl. At the time of the statement I was a juvenile. I was scared, and done what I had to do to get out of it.

"Since that time, my conscience was getting to me and now I want the truth to be known. I, Michael Hayes, do swear that the following statement is true and accurate, and that Cedric Wright was in now way involved in the bank robbery."

Hayes' affidavit is dated July 3, 1989.

Also attached to Wright's motion for a new trial was a letter from Michael Hayes to the trial judge, dated July 3, 1989, the full text of which is as follows:

"Dear Judge Reid:

"This is a letter informing you that I just made a notarized statement of the truth this date, and have just informed the Defendant, Cedric Wright this date also of the affidavit.

"Cedric Wright did not know until this date July 3, 1989 that I was going to make a notarized statement, and the contents of that statement.

"Therefore I pray that you accept the statement as truth because that is exactly what it is."

The above-quoted letter bears what is purported to be Michael Hayes' signature.

The State moved to dismiss Wright's motion for a new trial, or in the alternative, for summary judgment, contending, among other things, that Wright's motion for a new trial was not timely filed in accordance with Crim. R. 33.

Crim. R. 33(B) provides, in pertinent part, as follows:

"Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the date upon which the verdict was rendered or the decision of the court where a trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding

that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."

The trial court overruled Wright's motion for a new trial by a judgment entry, the full text of which is as follows:

"This matter came on for hearing on Defendant's Motion for New Trial. The Court finds said motion not to be well taken and hereby overrules same.

"Defendant has failed to present clear and convincing proof that he was unavoidably prevented from the discovery of the evidence upon which he relies on said motion.

"Based upon the above finding, Defendant's Motion For a New Trial is not timely filed and same is overruled in its entirety."

SO ORDERED.

Although the above-quoted judgment entry recites the fact that the matter "came on for hearing," it appears from the record that there was no actual hearing upon Wright's motion for a new trial. It appears that Wright's motion was decided on the papers submitted by both parties.

Wright appeals the denial of his motion for a new trial.

## II

Wright's sole Assignment of Error is as follows:

"THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING APPELLANT'S MOTION FOR NEW TRIAL."

In denying Wright's petition for post-conviction relief, in February, 1989, the trial court indicated that the statement contained in the letter that Wright had received from Hayes was insufficient to justify relief because it was not a sufficiently clear indication that Hayes had lied at trial to Wright's material prejudice. Accordingly, if that is the only evidence that Wright had at the time of his petition for post-conviction relief in February, 1989, then it is somewhat disingenuous to argue, as the State does, that his subsequent motion for a new trial should be denied because the evidence upon which it is based was available to him almost five months before he filed his motion.

Evidence which merely impeaches or contradicts evidence in the former trial is insufficient to support a motion for a new trial. *State v. Petro* (1940), 148 Ohio St. 505; *State v. Lopa* (1917), 96 Ohio St. 410. However, this court has held that: "The test is whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a

different result." *Dayton v. Martin* (1987), 43 Ohio App. 3d 87, 90.

In support of his motion for a new trial, Wright submitted an affidavit from Hayes in which Hayes clearly recanted his trial testimony and alleged Wright's innocence. Hayes' affidavit does more than merely impeach or contradict his former evidence; if believed, it would establish Wright's innocence. The affidavit on its face thus creates a strong probability of a different result.

Although the record in the former trial contains other evidence supporting the movant's guilt, the trial court could not properly discredit the affidavit on its face and deny the motion without a hearing, at least in the absence of internal inconsistencies in the affidavit sufficient to destroy its credibility on its face. The trial court must afford the movant an opportunity to present evidence at a hearing in support of the motion and affidavit before electing whether to grant or to deny the motion on the full record before it, including evidence considered at the past trial.

Whether evidence was unavailable to an accused at trial is, to some extent, to be determined by whether the source of the evidence was available for examination or cross-examination by an accused counsel at trial. *State v. Lopa, supra*, at 412. See also, *State v. Eubank* (1987), 38 Ohio App. 3d 141. However, when a witness later admits that he lied at trial, that consideration is greatly diminished. In his letter to the trial court accompanying his affidavit, Hayes said that Wright was neither aware of the contents of the affidavit nor aware of the fact that Hayes would be willing to give such an affidavit, until July 3, 1989, the date of the letter and affidavit. Wright's motion for a new trial was filed eighteen days later, on July 21, 1989. Under all the circumstances, Wright has moved timely to present information not available to him at trial to the court in support of his motion for a new trial.

Wright's sole Assignment of Error is sustained.

## III

Wright's sole Assignment of Error having been sustained, the trial court's denial of his motion for a new trial will be reversed, and this cause will be remanded for an evidentiary hearing upon his motion.

*Judgment reversed and cause remanded.*

WILSON and GRADY, JJ., concur.