On June 22, 1998, the Summit County Court of Common Pleas denied, without a hearing, Larry Dawson's two motions for leave to file a delayed motion for a new trial, two motions for a new trial, and a petition for post-conviction relief. He has timely appealed the denials.
He has assigned as error that (1) the trial court abused its discretion in denying the appellant's motion for a new trial, and (2) his motion for a new trial was improperly denied because he did not receive the fair trial to which he was entitled under the constitutions of both Ohio and the United States because his trial counsel was ineffective. We overrule both assignments of error and affirm the judgment of the trial court.
 I
In a 1991 joint trial with his co-defendant Troy Douglas, Dawson was convicted of aggravated murder in connection with the shooting death of Derrick Buck and of felonious assault against Lawrence Reed later that same evening, and of two other offenses. Neither Douglas nor Dawson testified at their trial. Lawrence Reed testified that "I saw Larry Dawson and Troy Douglas coming from behind the brush[.]" and that Larry Dawson had a gun. Douglas, in an affidavit, now admits participation in the murder and assault and denies that Dawson was involved. Reed, in an affidavit, now asserts that his testimony implicating Dawson in the assault on him was untruthful and that the prosecution pressured him into committing perjury.
Dawson made five separate motions to the trial court, which were each expressly denied in one order. On August 27, 1997, Dawson filed a motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(6) and a motion for new trial. This pair of motions was based on newly discovered evidence. On August 28, 1997, he filed a petition for postconviction relief pursuant to R.C. 2953.23 based on ineffective assistance of counsel.[1] On December 4, 1997, Dawson filed a motion for leave to file a delayed motion for a new trial pursuant to Crim.R. 33(A)(2) and a motion for a new trial. This pair of motions was based upon misconduct by the prosecutor and a witness for the prosecution.
 II
Motion for a New Trial
 A new trial may be granted on the motion of the defendant for any of the following causes affecting materially his substantial rights:
* * *
 (2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;
* * *
 (6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.
Crim.R. 33(A). Such a motion must be made within one hundred twenty days of the end of the proceedings if the basis for the motion is the discovery of new evidence. Crim.R. 33(B). If
 it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
(Emphasis added.) Crim.R. 33(B). Using virtually identical language, Crim.R. 33(B) also establishes that the motion for a new trial premised upon prosecutorial or witness misconduct shall be filed "within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within" fourteen days of the termination of the proceeding.
From the language of the rule, it is clear that a two step process is anticipated when the motion is made outside the period during which motions for a new trial are permitted as a matter of course. There will be an initial step that results in the issuance of an order from the court that there was an unavoidable delay. Within seven days after that order, the motion for a new trial must be made. Crim.R. 33 does not specify the procedure by which the initial order is to be obtained. In the event that a procedure is not specifically prescribed, "the court may proceed in any lawful manner not inconsistent with these rules of criminal procedure[.]" Crim.R. 57(B). When the defendant is the party bringing the unavoidable delay to the attention of the court it is reasonable that it be done by motion. Crim.R. 47 permits the court to "make provision by rule or order" for the determination of motions "without oral hearing upon brief written statements of reasons in support and opposition." The Summit County Court of Common Pleas has adopted a local rule permitting motions to be determined "upon the written statements of reasons in support or opposition, as well as the citation of authorities." Loc. R.7.14(a) of the Court of Common Pleas of Summit County. See, generally, State v. Kiraly (1977), 56 Ohio App.2d 37, 55-56.
Here, Dawson made motions for leave to move for a new trial pursuant to Crim.R. 33(A)(2) and to Crim.R. 33(A)(6).[2] Both motions are premised upon recently obtained affidavits from individuals who were previously silent or who have subsequently changed their stories.
The basis for the (A)(6) motion was that Douglas, his codefendant who did not testify at their trial, had recently signed two affidavits. One of the attached affidavits admits his participation in the murder, and declares that Dawson was not a participant. Douglas' affidavit also states that, "I did'nt [sic] testify for myself, nor did I give a statement after sentencing. On seperate [sic] occasions I was visited by my Attorney and Larry Dawson Attorney [sic] after being convicted, but before sentencing, I still claimed my innocence. * * * For the first time I'm voluntarily telling the facts of my crime." Dawson also attached a personal affidavit, asserting that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period. The basis for this assertion is that, "[p]rior to receiving these affidavits I asked Douglas about the incident at (928 N. Howard St. Akron) [sic], on different occassions [sic], before the Trial [sic] and again after the conviction. He denied his participation both times." Neither affidavit gives a more specific timeline of Dawson's attempts to gain exculpatory testimony about the incident, or gives any reason why Dawson could not have discovered the evidence before the one hundred twenty period had elapsed.
Similarly, the basis for the delay in making the Crim.R. 33(A)(2) motion, according to Dawson's affidavit, was that "[u]p until recently hearing from Reed [via an unsolicited letter from him], I'd never had the opportunity to speak with him before, during, or after my trial and conviction."
The motions properly before the court were the ones requesting leave to file motions for a new trial. The rules do not explicitly require a hearing on such a motion, so the court was permitted to make its determination without holding an evidentiary hearing, on the combined authority of Crim.R. 47 and 57(B) and Loc.R. 7.14(a) of the Court of Common Pleas of Summit County.[3] Although Dawson has asserted that he did not have the evidence until now, he has not asserted any reason he was prevented from obtaining the new evidence or from making the motion for a new trial within the time permitted under the Rules of Criminal Procedure. On the basis of the affidavits submitted, the trial court correctly determined that Dawson had not met his burden of establishing by clear and convincing proof that the evidence "was undiscoverable within one hundred twenty days," and denied his motion for leave to move for a new trial. Likewise, he has not established that he was unavoidably prevented from filing the motion premised upon allegations of prosecutorial and witness misconduct. Because the trial court did not issue an order finding that he was unavoidably prevented from discovering the evidence in a timely manner or from bringing the Crim.R. 33(A)(2) motion in a timely manner, it also properly denied his untimely motions for a new trial.
Petition for Postconviction Relief
 Any petition for postconviction relief filed after September 21, 1996, by an individual convicted before September 21, 1995, is governed by the limits on untimely and successive petitions, which are contained in R.C. 2953.23. State v. Kahl (Apr. 22, 1998), Lorain App. No. 97CA006816, unreported, at 4. However denominated, any motion "seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated * * * is a petition for postconviction relief as defined in R.C. 2953.21." State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus. Under this definition Dawson's August 27, 1996 motion, asserting that prosecutorial misconduct and witness perjury deprived him of a fair trial as guaranteed by the Ohio and United States constitutions, is a petition for postconviction relief.[4] R.C. 2953.23, as applied to this case, prohibits the trial court from entertaining it unless he has established that he was unavoidably prevented from discovery of the facts upon which the petition is premised and that, but for the constitutional error at trial that resulted, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted.
Dawson's petition relies upon the alleged perjury of Lawrence Reed, a witness for the prosecution. Dawson's explanation, quoted above, for the delay in discovering the witness perjury was that he had not previously had the opportunity to speak with Reed. Mere lack of opportunity to speak with a witness does not establish that Dawson was unavoidably prevented from discovery of the facts upon which the petition relies. Dawson has failed to establish the first of two prerequisites that would permit the trial court to have entertained his untimely, successive petition. The trial court properly declined to entertain it. Dawson's second assignment of error is overruled.
 III
Dawson's requests to the trial court, whether for leave to file a motion for a new trial or for postconviction relief, both required that he first establish unavoidable delay. Although he has established delay, he has not established that it was unavoidable. Because of this, both of his assigned errors are overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Summit County Court of Common Pleas to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 ___________________________ WILLIAM R. BAIRD
FOR THE COURT
CARR, J.
WHITMORE, J.
 CONCUR
[1] This is the same issue that he raised in his first petition for postconviction relief, filed August 6, 1996. That petition was denied, and its denial affirmed by this court. State v.Dawson (July 30, 1997), Summit App. No. 18216, unreported.
[2] The trial court characterized the motions made on August 27 and the motions made on December 4 as "the same motions." It then denied both the August 27 motions and the December 4 motions, without addressing the distinct grounds on which the December 4 motions were based. Although the trial court analysis supports only the denial of the August 27 motions, we affirm the decision in its entirety because "where the judgment is correct, a reviewing court is not authorized to reverse such judgment merely because erroneous reasons were assigned as the basis thereof."Agricultural Ins. Co. v. Constantine (1944), 144 Ohio St. 275,284.
[3] Dawson has cited a case from the Second Appellate District,State v. Wright (1990), 67 Ohio App.3d 827, in support of his contention that, because his motion, and the supporting affidavits, on its face asserted unavoidable delay, he is entitled to an evidentiary hearing on the matter. In Wright, the court held that, "it is error for a trial court to determine, without a hearing, that a defendant has failed to establish by clear and convincing evidence that he was unavoidably prevented from the prior discovery of evidence, when documents submitted by the defendant, on their face, support his claim that he was prevented from earlier discovering the evidence." Id. at 828. The discussion in Wright, however, is a mixture of analysis relating to the establishment of unavoidable delay and the separate issue of whether, once unavoidable delay is established, the newly discovered evidence would support granting a new trial. It did not distinguish between the denial of motion for a new trial and the denial of a motion requesting leave to file a motion for a new trial. The Second District has recently revisited the issue and has explicitly analyzed a late motion for a new trial using a two step analysis. See State v. Smith (Mar. 27, 1998), Miami App. No. 97CA46, unreported. The question of whether an evidentiary hearing was required prior to dismissal of a motion for leave to move for a new trial was not directly addressed. Id. The Fifth District, also employing a two step analysis, has explicitly addressed it, holding that an evidentiary hearing need not be held when disposing of a motion for leave to move for a new trial.State v. Carpenter (Nov. 26, 1997), Coshocton App. No. 95CA16, unreported.
[4] On August 28, 1997, Dawson explicitly petitioned for postconviction relief on the basis that his trial counsel was ineffective. He has not assigned any errors related to the denial of this petition, so we do not address it. The errors of a constitutional nature that he does assign pertain to the denial of his motion for a new trial. We have already determined that the motion for a new trial was properly barred as untimely filed, without adequate justification. It is also subject to the restrictions on second and subsequent petitions for postconviction relief pursuant to R.C. 2953.23, and we address those restrictions here.