OPINION
Defendant-Appellant Anthony York was indicted for burglary with a firearm specification, breaking and entering, and aggravated burglary. On August 24, 1993, a jury found him guilty of the burglary charge and the firearm specification. Thereafter, he was sentenced to three years for the firearm specification, four to fifteen years for the burglary, and eighteen months for breaking and entering. He later unsuccessfully appealed his conviction.
On May 14, 1999, York filed a motion for a new trial. Attached to this motion were two affidavits from witnesses who had testified for the State at York's trial. The affidavits were dated August 13, 1997, and purported to recant their testimony regarding York's involvement in the crimes he was charged with. The State filed a memorandum in response on May 19, 1999 arguing primarily that York did not comply with Crim.R. 33(B) in filing his motion for new trial. Subsequently, the trial court denied York's motion for new trial on May 26, 1999. Two days later, York filed a reply memorandum. York appeals the decision of the trial court raising the following assignment of error:
The trial court erred in failing to dgrant [sic] Mr. York's motion for a new trial. In support, York argues two reasons the trial court erred in failing to grant his motion: (1) the trial court failed to allow him to file a reply memorandum in response to the State's memorandum in opposition; and (2) the trial court failed to hold a hearing on the motion.
York filed his motion for a new trial pursuant to Crim.R. 33 based on newly discovered evidence. In this regard, the rule provides:
 Motions for a new trial on account of newly discovered evidence shall be filed within one hundred and twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred and twenty day period.
 Crim.R. 33(B). This rule contemplates that before filing a motion for new trial, a defendant should first file a motion demonstrating unavoidable delay when over one hundred and twenty days have passed since the verdict was rendered. See State v. Smith (March 27, 1998), Miami App. No. 97 CA 46, at p. 5. However, a defendant may choose to file his motion for new trial along with his request for the court to find unavoidable delay. See State v. Kiraly (1977), 56 Ohio App.2d 37, 55. When a defendant chooses this route, however, the motion for new trial may not be considered until the court makes a finding of unavoidable delay. Id. at 55-56.
In his motion, the defendant must demonstrate that he was unavoidably prevented from discovering the evidence he must rely on within the one hundred and twenty day period. See State v.Hill (Sept. 23, 1999), Lorain App. No. 97CA006970, unreported. If the defendant submits documents that on their face support his claim that he was unavoidably prevented from timely discovering the evidence, the trial court must hold a hearing to determine whether there was unavoidable delay. State v. Wright (1990),67 Ohio App.3d 827, 828. In the hearing, the trial court must determine if there is clear and convincing proof of unavoidable delay.
In the present case, York filed a motion for a new trial five years and nine months after the verdict was rendered in his case. Since he clearly exceeded the one hundred and twenty day time period, he was required to demonstrate that he was unavoidably prevented from timely discovering this evidence. York made no such argument in his initial motion, but in his timely filed reply memorandum, the argument was made and supported by his own affidavit. However, the trial court rendered its decision on May 26, 1999, three days before York's time limit to file his reply memorandum. The trial court held no hearing, but found no clear and convincing proof that York was unavoidably prevented from discovering the evidence. Had the court allowed York the ten days provided in Greene County Loc.R. 24 to file his reply memorandum, it would have had sufficient evidence before it to require a hearing on unavoidable delay.
Based on the foregoing, the trial court erred in making a finding of no clear and convincing proof before allowing York his allotted time to file a reply memorandum. Further, since the memorandum and supporting affidavit on their face support his claim of unavoidable delay, the trial court is required to hold a hearing to determine whether there is clear and convincing proof.Wright, supra. In addition, the court should determine in this hearing whether the State was prejudiced by the delay between the August 13, 1997 date of the affidavits and the May 14, 1999 filing of the motion for new trial. If the court determines that York was unavoidably prevented from timely discovering the evidence and the delay between the affidavits and filing the motion for new trial did not prejudice the State, then it may consider the merits of York's motion for new trial.
Accordingly, York's sole assignment of error is sustained. Judgment is reversed and remanded for a hearing consistent with this opinion.
YOUNG, J., concurs.