Crim.R. 33(B) states, inter alia:
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred and twenty day period.
When a motion for new trial that relies on newly discovered evidence is filed out of time, a showing that the movant was unavoidably prevented from discovering the evidence within the time provided is a necessary predicate to granting the motion. The trial court denied Defendant-Appellant York's motion for a new trial on a finding that he failed to make that showing by clear and convincing evidence, which is the standard of proof that Crim.R. 33(B) imposes.
Crim.R. 33 motions are post-trial motions. Therefore, they are governed by Crim.R. 47, which provides that the motion "shall state with particularity the grounds upon which it is made . . ." The motion that Defendant-Appellant York filed and the affidavits attached to it are devoid of any allegation or proof that he was prevented, unavoidably or otherwise, from discovery of the "new evidence" on which his motion relies within the time that Civ.R. 33(B) imposes. As that finding is required to grant the motion, and because particularity is required to show the proposition involved, the trial court did not err when it denied York's motion.
I agree that whether York was unavoidably prevented from discovery of his new evidence within one hundred twenty days after the verdict was rendered in his trial presents a question of fact. I also agree that the trial court could not make a finding of fact on that issue adverse to York without a hearing. State v. Wright
(1990), 67 Ohio App.3d 827. However, absent an allegation that York was thus prevented, one stated in his motion with particularity, the court was not required to reach that issue of fact at all. The court did not err when it declined to give York a ride through the countryside from prison in order to hold a hearing to determine a claim he never made. Finally, I see no basis to reverse arising from the trial court's failure to await York's response to the State's memorandum contra his motion for a new trial before denying it. York was entitled by the court's own local rule to file the response. However, he fails to explain how he was prejudiced by the court's failure to comply with its rule. Perhaps he'd hoped to explain how he was unavoidably prevented from obtaining his new evidence within the time required, but he has not said so.
I would affirm the trial court's order.
Copies mailed to:
William F. Schenck
Robert K. Hendrix
L. Patrick Mulligan
HON. M. DAVID REID