[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 1208.]

THE STATE OF OHIO, APPELLEE, *v.* DAWSON, APPELLANT.

[Cite as *State v. Dawson*., 2000-Ohio-442.]

*Certification of conflict dismissed as improvidently certified due to want of a conflict.*

(No. 99-1883—Submitted April 25, 2000—Decided June 7, 2000.)

CERTIFIED by the Court of Appeals for Summit County, No. 19179.

_____

*Michael T. Callahan*, Summit County Prosecuting Attorney, and *Christina J. Marshall*, Assistant Prosecuting Attorney, for appellee.

*Larry D. Dawson, pro se*.

_____

{¶ 1} The certification of conflict is dismissed, *sua sponte*, as having been improvidently certified; there is a want of a conflict.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 2} I concur in the dismissal of this case for want of a conflict, and write separately to explain why.

{¶ 3} The particular provisions of Crim.R. 33 at issue in this case are:

"(A) A new trial may be granted on the motion of the defendant for any of the following causes affecting materially his substantial rights:

" * * *

"(2) Misconduct of the jury, prosecuting attorney, or the witnesses for the state;

" * * *

"(6) When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given * * *."

{¶ 4} A motion for new trial based on newly discovered evidence must be made within one hundred twenty days after the end of the proceedings. Crim.R. 33(B). But "[i]f it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from discovering the evidence within the one hundred twenty day period." Crim.R. 33(B).

{¶ 5} Initially, it appeared that there was a conflict between the Ninth and Second Appellate Districts on the procedure for handling delayed motions for new trial. The Ninth Appellate District viewed a motion for a new trial as a two-step process, where first the defendant submits affidavits supporting his assertion of unavoidable delay. Then, if the trial court finds that the delay was unavoidable, the court issues an order finding that a valid basis exists to justify allowing the defendant to file the delayed motion for new trial.

{¶ 6} However, the Second Appellate District in *State v. Wright* (1990), 67 Ohio App.3d 827, 828, 588 N.E.2d 930, 930-931, addressed a delayed motion for a new trial in a single-step procedure, requiring a hearing to establish both that the defendant was unavoidably delayed in discovering the evidence and that the newly discovered evidence forms a sufficient basis to grant a new trial. The Second Appellate District interpreted Crim.R. 33(B) as requiring a hearing as long as the

motion was accompanied by affidavits that, on their face, support the assertion that the defendant was unavoidably delayed in discovering the evidence.

{¶ 7} The Ninth Appellate District petitioned this court to certify a conflict on the following question: "Do Crim.R. 33, 47 and 57(B), and applicable local rules, permit a trial court to deny a motion for leave to move for a new trial without a hearing, when that motion is premised upon:

"(1) the discovery of new evidence and is made later than one hundred twenty days after the verdict is rendered, or

"(2) being unavoidably prevented from filing the motion and is made later than fourteen days after the verdict is rendered,

"and affidavits attached to the motion for leave to move for a new trial support the assertion that the movant was unavoidably prevented from timely discovering the evidence or timely filing a motion for a new trial."

{¶ 8} Later, however, the Second Appellate District in *State v. Smith* (Mar. 27, 1998), Miami App. No. 97 CA 46, unreported, 1998 WL 404458, adopted the two-step process. "To obtain leave to file a motion for a new trial based on prosecutorial or witness misconduct, [the defendant] had to show 'by clear and convincing proof' that he had been 'unavoidably prevented' from filing the motion in a timely fashion. Crim.R. 33(B). For leave to file a motion for a new trial based on newly discovered evidence, [the defendant] needed to show 'by clear and convincing proof' that he had been 'unavoidably prevented' from discovering such evidence within that time period. Crim.R. 33(B)." *Id.*

{¶ 9} Because the Second Appellate District ultimately adopted the correct two-step process, I concur that there is no longer a conflict.

————————————