DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Scioto County Court of Common Pleas, which denied Defendant-Appellant John W. Perotti's Motion for Leave/Habeas Corpus Motion. Appellant argues that the trial court erred by ruling on the motion without holding an evidentiary hearing. Appellant also argues that the judgment entry denying his motion is not a final order because the trial court did not sign the entry. We find no merit in appellant's arguments and affirm the judgment of the trial court.
 I.
Appellant was convicted of felonious assault in 1989 for stabbing Mark McAllister. The stabbing occurred at the Southern Ohio Correctional Facility, where both appellant and McAllister were inmates. At trial, McAllister testified that appellant had jabbed him with a crutch. McAllister admitted that he did not see a knife on the end of the crutch, and that he did not discover the stab wound until several moments later. Corrections officers subsequently searched appellant's cell and recovered the crutch and a homemade knife, or "shank."
In his defense, appellant argued that another inmate, Darnell Goodgame, had stabbed McAllister. At the time of the stabbing, Goodgame and appellant were in adjacent cells. Several inmates testified that Goodgame had purchased a shank, stating that he was going to kill McAllister. Goodgame testified in appellant's defense and admitted that he stabbed McAllister. He claimed that he handed off the shank to another prisoner after the stabbing.
The jury found appellant guilty of felonious assualt, in violation of R.C. 2903.11(A)(1). The trial court sentenced appellant to twelve to fifteen years in prison, to be served consecutively to appellant's previous sentence. On direct appeal, we affirmed the conviction and sentence. See State v. Perotti (May 15, 1991), Scioto App. No. 89CA1845.
In 1993, appellant filed a petition for post-conviction relief, alleging ineffective assistance of counsel. The trial court dismissed the petition without a hearing. We affirmed the judgment of the trial court. See State v. Perotti (June 22, 1994), Scioto App. No. 93CA2166.
On April 7, 1999, appellant filed a Motion for Leave/Habeas Corpus Motion, requesting leave to file a Crim.R. 33 motion for a new trial, or, in the alternative, a new trial on habeas corpus grounds. Appellant attached an affidavit in which McAllister states that he has become convinced that appellant was not responsible for the stabbing.
On May 18, 1999, the state filed a memorandum opposing appellant's motion. The state attached a second affidavit from McAllister, reaffirming his trial testimony and stating that he had signed the previous affidavit because he was being harassed. The state argued that McAllister's trial testimony was credible, and that appellant was not entitled to a new trial.
On September 21, 1999, the trial court filed an entry denying appellant's motion. The court found that McAllister's affidavits essentially operated to discredit each other. Appellant had failed to meet his burden of producing new evidence because McAllister had not unequivocally recanted his trial testimony. The court also determined that appellant's motion for a new trial would ultimately fail on its merits. As a result, the court denied appellant's request for leave to file a Crim.R. 33 motion. The trial court also denied appellant's request for habeas corpus relief, finding that he had failed to comply with R.C. 2775.04.
Appellant filed a timely notice of appeal and presents three assignments of error for our review.
ASSIGNMENT OF ERROR NO. I:
 THE TRIAL COURT ABUSED ITS DISCRETION BY NOT ORDERING A NEW TRIAL BASED ON THE MOTION FOR LEAVE/HABEAS CORPUS MOTION.
ASSIGNMENT OF ERROR NO. II:
THE TRIAL COURT DEPARTED FROM ITS STATUTORY PROCEDURAL DUTY BY:
 A. NOT HOLDING AN EVIDENTIARY HEARING ON THE CREDIBILITY OF MARK McALLISTER;
 B. BY NOT REVIEWING THE ADDITIONAL EVIDENCE WHICH SUPPORTS APPELLANT'S POSITION PER SECTIONS 2985.80 [SIC] THROUGH 2945.83 OF THE OHIO REVISED CODE.
ASSIGNMENT OF ERROR NO. III:
 d THE DECISION DENYING SAID MOTION IS NOT A FINAL JUDGMENT IN THAT IT IS NOT SIGNED NOR CERTIFIED, THUS INVALID.
 II.
In his First Assignment of Error, appellant argues that the trial court erred in failing to grant him a new trial based on McAllister's recantation of his trial testimony. Appellant contends that the trial court rendered its decision on the merits of the motion for a new trial, rather than addressing the timeliness of the motion. He argues that, by addressing the merits of the motion, the trial court was required to grant a new trial because McAllister admitted to committing perjury at appellant's trial. At a minimum, appellant contends that he is entitled to an evidentiary hearing to determine McAllister's credibility.
Crim.R. 33 provides that a criminal defendant may file a motion for a new trial based on newly discovered evidence "which the defendant could not with reasonable diligence have discovered and produced at the trial." Crim.R. 33(A)(6). A motion for a new trial based on newly discovered evidence must be filed "within one hundred twenty days after the day upon which the verdict was rendered." Crim.R. 33(B). The trial court may hear an untimely motion if it is shown "by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely." Id.
The grant or denial of a motion for a new trial based on newly discovered evidence is within the sound discretion of the trial court.State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54, paragraph one of the syllabus. Consequently, we will not reverse the trial court's decision absent an abuse of discretion. An abuse of discretion is "more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157, 404 N.E.2d 144, 149.
Newly discovered evidence must satisfy several criteria to justify granting a new trial. Specifically, the trial court must consider whether:
 [T]he new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
McAllister's first affidavit was the newly discovered evidence on which appellant based his motion for a new trial. In his affidavit, McAllister stated that he has become convinced that appellant was not responsible for the stabbing. However, the state opposed appellant's motion with a second affidavit from McAllister. In the second affidavit, McAllister reaffirms his trial testimony and claims that he signed the first affidavit because he was being harassed and threatened. The trial court found that the two affidavits cancelled each other out. Appellant argues that, at a minimum, the trial court must hold an evidentiary hearing to determine which of McAllister's affidavits is credible. We disagree.
A witness' attempt to recant testimony is considered inherently unreliable and is subject to close scrutiny by a reviewing court. SeeTaylor v. Ross (1948), 150 Ohio St. 48, 83 N.E.2d 222, paragraph three of the syllabus; see, also, State v. Crase (Aug. 21, 1996), Adams App. No. 95CA603, unreported. During trial, witnesses are subject to cross-examination, and the trier of fact has the opportunity to observe their demeanor while they testify. These formalities serve to protect the integrity of the fact-finding process. Once a verdict is rendered, however, these protections are no longer available. The losing party then may be tempted to resort to any means at his disposal to escape an adverse verdict. Giving undue credit to attempts to recant trial testimony would turn our system of justice on its head.
We find that the trial court was within its discretion to deny appellant leave to file a motion for a new trial. McAllister's first affidavit, which recanted his trial testimony, must be viewed with great suspicion. Contrary to appellant's argument, the fact that McAllister signed two contradictory affidavits does not necessitate a hearing to determine which is credible. Rather, the existence of multiple affidavits reinforces the presumption that McAllister's trial testimony should stand.
We find the trial court did not abuse its discretion in finding that appellant had no new evidence on which to base his motion for a new trial. Accordingly, appellant's First Assignment of Error is OVERRULED.
 III.
In his Second Assignment of Error, appellant argues that the trial court erred in failing to comply with statutory procedural requirements. Appellant contends that the trial court had a statutory duty to conduct an evidentiary hearing before denying the motion. Appellant also contends that the trial court had a statutory duty to receive additional evidence before rendering its decision.
In support of his argument that the trial court is required to hold an evidentiary hearing, appellant quotes a portion of Crim.R. 33, which states, "When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at a hearing on the motion * * *." Crim.R. 33(A)(6). From this excerpt, appellant draws the conclusion that the trial court must hold an evidentiary hearing on every motion for a new trial based on newly discovered evidence.
The full text of the provision quoted by appellant is as follows.
When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.
Crim.R. 33(A)(6).
The procedure outlined in Crim.R. 33 is for a non-oral hearing on opposing affidavits. Nothing in the rule requires the court to hear live-witness testimony. Accordingly, we find that Crim.R. 33 does not require the trial court to hold an evidentiary hearing on every motion for a new trial based on newly discovered evidence.
Appellant also argues that the trial court is required to hold an evidentiary hearing under State v. Wright (1990), 67 Ohio App.3d 827,588 N.E.2d 930. The defendant in Wright filed a motion for a new trial based on an affidavit from a trial witness who recanted his trial testimony. The trial court denied the motion without a hearing. The Second District Court of Appeals reversed stating that "the trial court could not properly discredit the affidavit on its face and deny the motion without a hearing, at least in the absence of internal inconsistencies in the affidavit sufficient to destroy its credibility on its face." Id. at 831, 588 N.E.2d at 932-933.
The case sub judice is distinguishable from Wright. In Wright, the affidavit in support of the defendant's motion was uncontradicted. Here, appellant and the state submitted contradictory affidavits from McAllister. Crim.R. 33 allows the trial court to decide a motion for a new trial on opposing affidavits. The trial court was within its discretion to consider both of McAllister's affidavits and to determine that they did not warrant an evidentiary hearing.
Appellant also argues that the trial court erred in failing to consider McAllister's affidavits in light of the entire record. Several witnesses testified at appellant's trial that they heard another inmate, Darnell Goodgame, say that he was going to stab McAllister. Goodgame also testified and admitted to the stabbing. Appellant argues that an evidentiary hearing on his motion for a new trial would discredit McAllister's trial testimony. According to appellant, he could then establish Goodgame's guilt, as well as his own innocence.
The difficulty with appellant's argument is that it assumes the veracity of McAllister's recantation of his trial testimony. The jury heard all the evidence indicating that Goodgame had stabbed McAllister, yet they convicted appellant of the stabbing. The only new evidence presented by appellant is McAllister's affidavit. However, we have already found that the trial court was within its discretion to consider both of McAllister's affidavits and determine that the affidavit submitted by appellant was not credible.
For the reasons stated above, appellant's Second Assignment of Error is OVERRULED.
 IV.
In his Third Assignment of Error, appellant argues that the trial court's judgment entry is not a final appealable order because it was not signed. Appellant attached an unsigned copy of the court's judgment entry to his appellate brief. Our review of the record, however, reveals that the court record contains the original copy of the trial court's judgment entry that is signed by the trial judge. Accordingly, appellant's Third Assignment of Error is OVERRULED.
The judgment of the Scioto County Court of Common Pleas is AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment Only.
 _____________________________ David T. Evans, Judge