OPINION
{¶ 1} Appellant Denise Monk appeals a judgment of the Knox County Court of Common Pleas, overruling her motion for new trial:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR A NEW TRIAL.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION FOR NEW TRIAL BASED ON WITNESS MISCONDUCT AND NEWLY DISCOVERED EVIDENCE."
 {¶ 4} On April 1, 1996, appellant was charged with one count of rape, two counts of felonious penetration with specifications, and one count of gross sexual penetration. The alleged victim on counts one and two was Melissa Fuson, the daughter of appellant's boyfriend, and a co-defendant in the case. The alleged victim on count three was Amy Fuson, age 11, and on count four, Vanessa Fuson, age 9. On November 1, 1996, following jury trial in the Knox County Common Pleas Court, appellant was convicted of all counts, based largely on the testimony of the girls. Appellant was sentenced to an indefinite term of incarceration of ten to twenty-five years on counts one and two, and to a statutorily mandated life term of incarceration on count three. She was sentenced to two years incarceration on count four, with all terms to be served concurrently.
 {¶ 5} On April 26, 2002, appellant filed a motion for new trial on the grounds of newly discovered evidence and witness misconduct. In support of her motion she submitted the affidavits of Melissa, Amy, and Vanessa Fuson, recanting the testimony they offered at the Grand Jury and at trial in the instant case. In their affidavits, the girls claimed that they lied about the sexual behavior allegedly perpetrated by their father and appellant, as they were physically abused and threatened by her mother's live-in boyfriend, Buddy Owery, to make up the allegations against their father and appellant.
 {¶ 6} The State responded, first arguing that the evidence was not newly discovered, as at the time of trial, the girls had made allegations against Owrey, as well as their maternal grandfather and several others. The response to the motion for new trial was supported by an affidavit of Prosecuting Attorney John Baker, which stated in part that he had visited the home where the girls resided with their mother and her boyfriend Buddy Owrey, and after observing the girls interact with Buddy, it was his opinion that they had great affection and respect for Buddy, and that through 1996, their stories were consistent concerning sexual activity with appellant and Denise Monk. The State also filed an affidavit of Leeann Eshleman, a social worker with the Knox County Children's Services, directly contradicting a statement in Melissa's affidavit that she told Melissa she would lose her job if she told her superiors that the girls recanted. The affidavit stated that she did in fact advise her superiors concerning recantations made by the Fuson girls.
 {¶ 7} The court overruled the motion for new trial without holding an evidentiary hearing, finding that the testimony at trial was more credible than the testimony presented by the affidavits.
 I {¶ 8} The grant or denial of a motion for new trial based on newly discovered evidence is within the sound discretion of the trial court, and will only be reversed upon an abuse of discretion. State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Likewise, a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on the motion for new trial. E.g., State v.Smith (1986), 30 Ohio App.3d 138.
 {¶ 9} Evidence which merely impeaches or contradicts evidence in the former trial is insufficient to support a motion for a new trial.State v. Petro (1940), 148 Ohio St. 505. However, the test is whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a different result. Dayton v. Martin (1987),43 Ohio App.3d 87, 90.
 {¶ 10} In State v. Wright (1990), 67 Ohio App.3d 827, the defendant filed a motion for new trial, supporting the motion with an affidavit from a key witness at trial recanting his trial testimony, and alleging that the defendant was innocent. The Court of Appeals for the Second District found that the affidavit did more than merely impeach or contradict his former evidence, as if believed, the evidence would establish the defendant's innocence. Id. at 831. The court of appeals concluded that the trial court could not properly discredit the affidavit on its face and deny the motion without a hearing, at least in the absence of internal inconsistencies in the affidavit sufficient to destroy its credibility on its face. Id. The trial court must hold a hearing to give the movant an opportunity to present evidence in support of the motion and affidavit, before electing whether to grant or deny the motion on the full record before it, including evidence considered at trial. Id. at 831-832.
 {¶ 11} In the instant case, appellant was convicted primarily on the testimony of the Fuson girls. Thus, the recanted testimony does not merely impeach prior evidence, but if believed, would prove appellant's innocence. While the State argues this evidence was available at the time of the trial, although the girls made contradictory statements prior to trial, the girls were still living in the situation which they now claim caused them to lie about the actions of appellant. At the time of trial, the girls were under the influence of Buddy Owrey, who they now claim forced them to testify falsely against appellant. It would have been difficult to procure the testimony at the time of trial, as the girls were in the custody of their mother and her boyfriend who allegedly was abusing them.
 {¶ 12} While the trial court found their trial testimony was more credible than the affidavits, it is difficult to compare written and live testimony. Therefore, we find that the court abused its discretion in failing to hold an evidentiary hearing on the motion for new trial, in order to more accurately access the credibility of the witnesses in determining whether the girls were telling the truth at trial, or in their recent recantations of their testimony.
 {¶ 13} The first assignment of error is sustained.
 II {¶ 14} In his second assignment of error, appellant alleges that the court erred in overruling her motion for new trial. As discussed in I, the court should have held an evidentiary hearing on the motion for new trial. We do not believe the affidavits are so strong on their face as to render the court's overruling of the motion for new trial an abuse of discretion. Rather, the court should have held an evidentiary hearing before making a decision on the motion.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The judgment of the Knox County Court of Common Pleas is reversed. This case is remanded to that court with instructions to hold an evidentiary hearing on the motion for new trial.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
topic: new trial — failure to hold evidentiary hearing.