OPINION
{¶ 1} Appellant Howard Fuson appeals a judgment of the Knox County Common Pleas Court overruling his motion for a new trial:
 {¶ 2} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DID NOT HOLD AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR A NEW TRIAL.
 {¶ 3} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN NOT GRANTING APPELLANT'S MOTION FOR NEW TRIAL BASED ON WITNESS MISCONDUCT AND NEWLY DISCOVERED EVIDENCE."
 {¶ 4} On February 5, 1996, appellant was charged with three counts of rape. The alleged victims of the crimes were appellant's daughters: Melissa, age 14; Amy, age 11; and Vanessa, age 9. At the first trial, the jury was unable to reach a verdict on any of the counts, and a mistrial was declared. The case was tried a second time, and appellant was convicted of all three counts with specifications on October 19, 1996. On October 31, 1996, appellant was sentenced to the statutorily mandated life term on each count, to be served concurrently. The convictions were based largely on the testimony of appellant's three daughters.
 {¶ 5} On May 2, 2002, appellant filed a motion for a new trial on the grounds of newly discovered evidence and witness misconduct. In support of the motion, he submitted the affidavits of Melissa and Amy Fuson, recanting their trial testimony. In the affidavits, the girls averred that they fabricated the claims based on pressure and physical abuse from their mother's boyfriend, Buddy Owrey. While Melissa attempted to escape the home of her mother and Owrey by running away several times, she was repeatedly returned to the home by the Knox County Children's Services. The girls claimed they were beaten and threatened by Owrey, and thereby forced to make the allegations against their father and his girlfriend, Denise Monk, a co-defendant in the case.
 {¶ 6} The State responded, first arguing that the evidence was not newly discovered, as at the time of trial, the girls had made allegations against Owrey, as well as their maternal grandfather and several others. The response to the motion for new trial was supported by an affidavit of Prosecuting Attorney John Baker, which stated in part that he had visited the home where the girls resided with their mother and her boyfriend Buddy Owrey, and after observing the girls interact with Buddy, it was his opinion that they had great affection and respect for Buddy, and that through 1996, their stories were consistent concerning sexual activity with appellant and Denise Monk. The State also filed an affidavit of Leeann Eshleman, a social worker with the Knox County Children's Services, directly contradicting a statement in Melissa's affidavit, that she told Melissa she would lose her job if she told her superiors that the girls recanted. The affidavit stated that she did in fact advise her superiors concerning recantations made by the Fuson girls.
 {¶ 7} The court overruled the motion for new trial without holding an evidentiary hearing, finding that the testimony at trial was more credible than the testimony presented by the affidavits.
 I {¶ 8} The grant or denial of a motion for new trial based on newly discovered evidence is within the sound discretion of the trial court, and will only be reversed upon an abuse of discretion. State v. Schiebel
(1990), 55 Ohio St.3d 71, paragraph one of the syllabus. Likewise, a trial court has broad discretion to determine whether it is necessary to hold an evidentiary hearing on the motion for new trial. E.g., State v.Smith (1986), 30 Ohio App.3d 138.
 {¶ 9} Evidence which merely impeaches or contradicts evidence in the former trial is insufficient to support a motion for a new trial.State v. Petro (1940), 148 Ohio St. 505. However, the test is whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a different result. Dayton v. Martin (1987),43 Ohio App.3d 87, 90.
 {¶ 10} In State v. Wright (1990), 67 Ohio App.3d 827, the defendant filed a motion for new trial, supporting the motion with an affidavit from a key witness at trial recanting his trial testimony, and alleging that the defendant was innocent. The Court of Appeals for the Second District found that the affidavit did more than merely impeach or contradict his former evidence, as if believed, the evidence would establish the defendant's innocence. Id. at 831. The court of appeals concluded that the trial court could not properly discredit the affidavit on its face and deny the motion without a hearing, at least in the absence of internal inconsistencies in the affidavit sufficient to destroy its credibility on its face. Id. The trial court must hold a hearing to give the movant an opportunity to present evidence in support of the motion and affidavit, before electing whether to grant or deny the motion on the full record before it, including evidence considered at trial. Id. at 831-832.
 {¶ 11} In the instant case, appellant was convicted primarily on the testimony of the Fuson girls. Thus, the recanted testimony does not merely impeach prior evidence, but if believed, would prove appellant's innocence. While the State argues this evidence was available at the time of the trial, although the girls made contradictory statements prior to trial, the girls were still living in the situation which they now claim caused them to lie about the actions of appellant. At the time of trial, the girls were under the influence of Buddy Owrey, who they now claim forced them to testify falsely against appellant. It would have been difficult to procure the testimony at the time of trial, as the girls were in the custody of their mother and her boyfriend who allegedly was abusing them.
 {¶ 12} While the trial court found their trial testimony was more credible than the affidavits, it is difficult to compare written and live testimony. Therefore, we find that the court abused its discretion in failing to hold an evidentiary hearing on the motion for new trial, in order to more accurately access the credibility of the witnesses in determining whether the girls were telling the truth at trial or in their recent recantations of their testimony.
 {¶ 13} The first assignment of error is sustained.
 II {¶ 14} In his second assignment of error, appellant alleges that the court erred in overruling his motion for new trial. As discussed in I, the court should have held an evidentiary hearing on the motion for new trial. We do not believe the affidavits are so strong on their face as to render the court's overruling of the motion for new trial an abuse of discretion. Rather, the court should have held an evidentiary hearing before making a decision on the motion.
 {¶ 15} The second assignment of error is overruled.
 {¶ 16} The judgment of the Knox County Court of Common Pleas is reversed. This case is remanded to that court with instructions to hold an evidentiary hearing on the motion for new trial.
By Gwin, P.J., Farmer, J., and Wise, J., concur.
topic: new trial — failure to hold evidentiary hearing.