OPINION
{¶ 1} Appellant, Nicholas Rock, appeals from the December 13, 2004 judgment entry of the Lake County Court of Common Pleas.
 {¶ 2} On January 14, 2004, appellant was indicted by the grand jury for count one, reckless homicide, a third degree felony, in violation of R.C. 2903.041, and count two, involuntary manslaughter, a third degree felony, in violation of R.C. 2903.04(B).
 {¶ 3} A jury trial commenced on June 2, 2004.
 {¶ 4} The facts relevant to this appeal are as follows: On August 13, 2003, eight-year-old Greyson Yoe ("Greyson") was electrocuted on a ride called the Scooter at the Lake County Fair. The Lake County Fair Board ("LCFB") was responsible for putting on the fair, and appellant was a member of the LCFB as well as the fair's electrician. Prior to the opening of the fair, he connected the Scooter to a power source, which connection was not grounded. Following the electrocution, an intense investigation was conducted, which included an inspection of the Scooter and its electrical connection by Ralph Dolence ("Dolence"), who was an electrical expert from whom the Lake Country Fire Department requested assistance in determining the cause of the electrocution. At trial, Dolence testified as an expert witness for the state of Ohio. Appellant did not present an expert witness.
 {¶ 5} Dolence and several other witnesses for the state testified about the electrical and grounding requirements set forth in the 2002 National Electric Code ("NEC") manual. Likewise, defense witnesses testified about the electrical regulations and standards applicable to amusement rides — including grounding options — found in the Ohio Department of Agriculture's ("ODA") inspection manual.
 {¶ 6} The jury returned guilty verdicts on counts one and two. A sentencing hearing was held on July 7, 2004. In a judgment entry dated July 9, 2004, the trial court sentenced appellant to two years of community control, thirty days in the Lake County jail on each count of the indictment, to be served concurrently, two hundred hours of community service, and restitution in the amount of $55,000. The court further prohibited appellant from doing any further electrical work for anyone.
 {¶ 7} On August 2, 2004, appellant filed a timely notice of appeal from that judgment entry, which resulted in appellate court Case No. 2004-L-127.
 {¶ 8} On October 6, 2004, appellant filed a motion for a new trial based on newly discovered evidence. On November 23, 2004, appellant filed a motion for a new trial based on irregularities in the trial proceedings. A hearing was held on November 24, 2004. In a judgment entry dated December 13, 2004, the court denied both motions. It is from that judgment that appellant filed a timely notice of appeal and makes the following assignments of error:
 {¶ 9} "[1.] The trial court erred in denying appellant's motion for a new trial based on irregularities in the trial proceedings.
 {¶ 10} "[2.] The trial court erred in denying appellant's motion for a new trial based on newly discovered evidence."
 {¶ 11} In his first assignment of error, appellant alleges that the trial court committed prejudicial error, which should have been the basis for a new trial, when the 2002 NEC manual, from and about which several witnesses testified at trial, was admitted by the trial court as an exhibit but never presented to the jury.
 {¶ 12} Crim.R. 33(A) provides that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (1) [i]rregularity in the proceedings * * * because of which the defendant was prevented from having a fair trial[.]"
 {¶ 13} At the hearing for appellant's motion for a new trial, although the trial court agreed that the NEC manual was marked as an exhibit, it denied that it was ever admitted. Appellant states that it was admitted on page one thousand sixty-three of the trial transcript.
 {¶ 14} There is no affirmative duty on the part of either party to inspect the exhibits before they are provided to the jury. State v.Kadri (Dec. 24, 1986), 5th Dist. No. CA-86AP070050, 1986 Ohio App. LEXIS 9588, at 3. A judge is not required to provide the exhibits to the jury, but has discretion as to whether to allow the jury, upon retiring for deliberations, to take admitted evidence with them. R.C. 2945.35.
 {¶ 15} The trial transcript is ambiguous as to whether Exhibit 18 was admitted. It reveals that after the state rested, the trial court admitted the state's exhibits, which did not include the NEC manual. After appellant rested, the trial court discussed the admission of appellant's exhibits, and asked the state its position on giving the jury the NEC manual, to which the state did not object. The judge stated that if they received the NEC manual, they should have also received the ODA's inspection manual. After some discussion, appellant agreed. On the page referenced by appellant, the following discussion occurred:
 {¶ 16} Judge Lucci: "Well, I'm talking about letting them both in."
 {¶ 17} Ms. Kowall (for the state): "That's fine, Judge, let them both in."
 {¶ 18} Judge Lucci: "All right. Mark the NEC. number 18."
 {¶ 19} Thereafter, the state recommended admitting only certain portions of the NEC manual, to which appellant objected. Again, the court agreed to let the jury read the entire book. Noting that it was going to be admitted, the state argued that the jury should not get the entire inspection manual. When the judge discovered that the book was twelve hundred pages long, he stated that he didn't want the jury to either read the whole thing or have to "hunt and peck." The state then decided that it objected to either of the manuals being admitted, wanting the jury to rely instead on the testimony regarding the manuals. The court then moved on to other exhibits and arguments about jury instructions. Thereafter, the judge requested that the exhibits not being admitted be put in a separate pile, and in listing them, did not refer to either manual. The list of exhibits at page six of the trial transcript shows that the NEC manual was admitted, but that the inspection manual was not.
 {¶ 20} The record shows that the court's last decision was not to admit the NEC manual because of its length. The jury did not have either manual, and appellant was not unfairly prejudiced because the record reveals that the witnesses testified to the relevant parts of each manual. Moreover, the court had discretion regarding giving the exhibits to the jury.
 {¶ 21} Therefore, the trial court's failure to present the 2002 NEC manual to the jury was not an irregularity in the proceedings that materially affected appellant's substantial rights, and the trial court did not abuse its discretion in overruling appellant's motion for a new trial on that basis. Thus, appellant's first assignment of error is overruled.
 {¶ 22} In appellant's second assignment of error, he claims that he had a right to a new trial based on newly discovered evidence that he was unable to produce at trial in spite of his due diligence, attributable to circumstances beyond his control.
 {¶ 23} Crim.R. 33(A)provides that "[a] new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights: (6) [w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * * [T]he defendant must produce at the hearing * * * the affidavits of the witnesses by whom such evidence is expected to be given[.]"
 {¶ 24} A new trial is allowed where the new evidence: "`(1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.'" State v. Hawkins (1993), 66 Ohio St.3d 339, 350, quotingState v. Petro (1947), 148 Ohio St. 505, syllabus. The trial court has discretion to grant or deny a motion for a new trial for newly discovered evidence, and absent an abuse of discretion, that decision will not be disturbed. Hawkins, supra, at 350, citing State v. Williams (1975),43 Ohio St.2d 88, paragraph two of the syllabus.
 {¶ 25} Although appellant did not appear at the hearing with the required affidavits, he did appear with witnesses to support his motion, and the court allowed him to proffer the substance of the new evidence. See State v. Wayt (Aug. 24, 1998), 12th Dist. No. CA98-03-063, 1998 Ohio App. LEXIS 3879, at 6 (sole purpose of affidavit is to inform trial court of substance of claimed new evidence that would be presented at a new trial). If the trial court, based on the substance of such evidence, determines that the expert's testimony would establish appellant's innocence, and does not merely impeach or contradict previous testimony, it is required to "`afford the movant an opportunity to present evidence at a hearing in support of the motion * * * before electing whether to grant or to deny the motion.'" State v. Armstrong, 11th Dist. Nos. 2001-T0-120 and 2002-T-0071, 2004-Ohio-5635, at ¶ 151, quoting State v.Wright (1990), 67 Ohio App.3d 827, 831-832.
 {¶ 26} Appellant proffered that the newly discovered evidence was the testimony of an expert witness, Dr. George Kramerich ("Kramerich"), tenured professor and head of the Department of Electrical Engineering at Cleveland State University, who has a bachelor's degree, master's degree and Ph.D. in electrical engineering, and who has several years experience with electrical matters. Prior to the trial, Attorney Abraham Cantor ("Cantor"), an attorney for the LCFB's liability insurance carrier, called appellant to discuss the case. Upon request, appellant provided him with appellant's discovery file, so Cantor could prepare for possible civil litigation. In subsequent conversations, appellant's attorney asked Cantor about expert witnesses, since the experts that appellant was finding all had conflicts. Cantor stated that he had not retained an expert, but gave appellant the name of a possible expert in Columbus, Ohio, whom appellant was unable to contact. The day after the trial ended, Kramerich contacted appellant, explaining that he had reviewed the file on the case, including Dolence's reports, and had thought he was going to testify in the criminal trial. Appellant contacted Cantor to determine why Kramerich's name had been withheld and was told that Cantor did not want him using Cantor's witness.
 {¶ 27} After advising the trial court of Kramerich's credentials as an expert, appellant claimed that Kramerich, after reviewing the file, had concluded that there was no evidence of actions on appellant's part that had caused Greyson's death. Appellant believed that this evidence would have resulted in a different verdict. Appellant claimed that he had exercised due diligence in trying to find an expert witness but was unable to do so, and admitted that the state had not committed any misconduct or discovery violation.
 {¶ 28} After appellant's proffer, the state asked to call Cantor as a witness regarding the issue of due diligence. Since Kramerich and Cantor were both available to testify, the court agreed, but appellant stated in that case, he wanted to call Kramerich also. The court was willing to hear testimony, but noted that the dispute would be on the record going to the court of appeals, and stated that "[r]easonable diligence * * * has nothing to do with this. * * * [N]obody prevented [appellant] from exercising reasonable diligence." The state withdrew its request to call Cantor, whereupon the court overruled appellant's motion.
 {¶ 29} Since all six of the Petro requirements must be met to grant a new trial, this court need not address every requirement because we conclude that Kramerich's opinion testimony is not such that appellant could not have, with reasonable diligence, discovered it. As the trial court noted, Cantor was able to find Kramerich, and it was just a matter of getting onto trial lawyer or expert web sites and conducting a search, or checking with the Case Institute of Technology. Appellant admitted that he did not go to Lexis/Nexis, the Association of Trial Lawyers, the Ohio Academy, or the Cleveland Academy web sites to search for electrical engineers. He never requested more time to find an expert.
 {¶ 30} We therefore conclude that the trial court's denial of appellant's motion for a new trial based on newly discovered evidence was proper, and appellant's second assignment of error is overruled.
 {¶ 31} For the foregoing reasons, appellant's assignments of error are not well-taken, and the judgment of the Lake County Court of Common Pleas is affirmed.
Rice, J., concurs,
O'Toole, J., concurs in judgment only.