DECISION AND JUDGMENT ENTRY
{¶ 1} Charles E. Coon appeals the entry of the Jackson County Municipal Court overruling his motion for a new trial pursuant to Crim.R. 33. Coon argues that the trial court abused its discretion in denying his motion on the ground that it was untimely filed. Coon contends that he was unavoidably delayed in filing his motion while he sought to have the Ohio Director of Public Safety adopt a new administrative rule defining the term "wheel track distance." Additionally, Coon asks us to sanction the State for failing to comply with our August 10, 2004 entry ordering it to file a brief within twenty days of the entry. Because we find that Coon has paid his fine and costs in full, and he has failed to offer any evidence that he will suffer some collateral disability or loss of civil rights from his conviction, we find his appeal moot. Furthermore, even if we were to assume, arguendo, that Coon's appeal is not moot, we cannot say that the trial court abused its discretion in finding that his motion was not timely filed. Accordingly, we dismiss Coon's appeal. Additionally, because we find that Coon failed to allege that he suffered any prejudice as a result of the State's failure to file its brief in accordance with our order, we overrule his motion for sanctions.
 I. {¶ 2} On April 19, 2002, Ohio State Highway Patrol Lieutenant Pride stopped Coon's automobile after observing that its tires extended much wider than the bumpers on the vehicle. Lt. Pride cited Coon for a violating R.C. 4513.021, noting on the citation "BUMPER HEIGHT SECTION — VIOLATION — TIRES TRACK WIDER THAN BUMPER." Additionally, during the course of the stop, Lt. Pride found cause to arrest Coon for additional violations, including operating a vehicle under the influence of alcohol, child endangering, and a seat belt violation.
 {¶ 3} R.C. 4513.02(B) provides: "The director of public safety, in accordance with Chapter 119. of the Revised Code, shall adopt rules in conformance with standards of the vehicle equipment safety commission, that shall govern the maximum bumper height or, in the absence of bumpers and in cases where bumper heights have been lowered or modified, the maximum height to the bottom of the frame rail, of any passenger car, multipurpose passenger vehicle, or truck." Pursuant to the statute, the director of public safety promulgated Ohio Adm. Code 4501-43-04, which provides, in relevant part: "The horizontal bumper shall be at least 4.5 inches in vertical height, centered on the vehicle's centerline, and extend no less than the width of the respective wheel track distances." Ohio Adm. Code 4501-43-04(A).
 {¶ 4} The Jackson County Municipal Court conducted a bench trial regarding the seat belt and bumper height violations on November 12, 2002. Finding that the statute did not define the term "wheel track distance", the court looked to the plain meaning of the term. The court found: "In the dictionary, a wheel is the solid disk that a tire is placed on. The track is the mark the tire would make when on the wheel. Distance is the space between two points. Here the two points are the outside of the track on the tire on the wheel. If the distance between the outside point on each tire is greater than the length of the bumper then the Defendant would be in violation of the code." Based upon this definition of "wheel track distance" and the evidence presented, the trial court found Coon guilty of the bumper violation. On November 19, 2002, the court imposed a fine of one hundred dollars and ordered Coon to pay costs within one month.
 {¶ 5} Coon appealed his conviction to this court. See State v. Coon
(Apr. 22, 2003), Jackson App. No. 02CA20 ("Coon I"). However, upon finding that Coon paid his fine and costs in full, and that he failed to offer any evidence that he would suffer some collateral disability or loss of civil rights from such a judgment or conviction, we dismissed his appeal as moot.
 {¶ 6} On March 17, 2004, Coon moved the trial court for a new trial pursuant to Crim.R. 33.[1] In his motion, Coon argues that there was not sufficient evidence to sustain the verdict and that it was contrary to law. Thus, he claimed he was entitled to a new trial pursuant to Crim.R. 33(A)(4) and (5).
 {¶ 7} Specifically, Coon argued that at the time of his conviction, Ohio Adm. Code 4501-43-02 did not contain a definition of "wheel track distance" but that, due to his continued efforts, the director of public safety adopted the following definition: "`Wheel track distance' means the distance on the ground between the center of the tire tread on one side of the vehicle, and the center of the tire tread on the opposite side." Ohio Adm. Code 4501-43-02(I). The effective date of this section was September 5, 2003, more than sixteen months after Coon was stopped for the violation, and more than nine months after his conviction. Because the trial court adopted a definition of "wheel track distance" that differed significantly from the subsequently enacted Ohio Administrative Code section, Coon argued that the trial court committed an error of law in convicting him for the bumper violation.
 {¶ 8} Additionally, Coon asserted that, although he filed his motion for a new trial more than fourteen days after the trial court rendered its decision, it was timely filed. He claimed that the delay in filing was excusable because he was unavoidably prevented from filing his motion "due to the difficulty in obtaining the necessary updates from the Ohio Department of Public Safety."
 {¶ 9} The trial court denied Coon's motion on May 26, 2004, noting that it made no finding that Coon was unavoidably prevented from filing his motion, and that his motion was untimely filed more than fourteen days after the trial court's November 14, 2002 decision.
 {¶ 10} Coon appeals, raising the following assignment of error: "The Court abused its discretion in denying the Motion for a New Trial without an evidentiary hearing, and did not provide a valid basis for overruling the Motion." Additionally, on November 12, 2004, Coon filed a motion for sanctions, noting that the State failed to timely file its brief or to comply with our August 10, 2004 entry ordering it to file a brief within twenty days of the entry.
 II. {¶ 11} In his sole assignment of error, Coon contends that the trial court abused its discretion in overruling his motion for a new trial on the ground that his motion was untimely filed pursuant to Crim.R. 33(B). Specifically, Coon argues that he could not file his motion within the fourteen-day period required by the rule because the amendment of the Ohio Administrative Code he sought did not occur until well after that time. Coon argues that the delay in obtaining the requested amendment to the administrative rule represents an "unavoidable delay."
 {¶ 12} In contrast, the State argues that even if the trial court were to determine that Coon was unavoidably prevented from filing his motion until the director of public safety amended Ohio Adm. Code 4501-43-02, he waited more than six months after the effective date of the rule to file his motion. Because Coon presented no evidence tending to demonstrate that anything unavoidably prevented him from filing his motion during that six-month period, the State argues that the trial court properly found that he failed to timely file his motion. Additionally, the State asserts that even if Coon's motion was timely, he is not entitled to a new trial based upon a change in the law that occurred after he was charged and convicted.
 {¶ 13} As we noted in Coon's prior appeal, "[w]hen a defendant convicted of a criminal offense has voluntarily paid the fine or completed the sentence, an appeal is moot when no evidence is offered from which an inference can be drawn that the defendant will suffer some collateral disability or loss of civil rights from such a judgment or conviction." Coon I at 2, citing State v. Berndt (1987), 29 Ohio St.3d 3. See, also, State v. Wilson (1975), 41 Ohio St.2d 236; Rocky River v.Kline (Sept. 6, 2001), Cuyahoga App. No. 77057; State v. Pickens (Aug. 1, 2001), Wayne App. No. 01 CA 0003. Having found that Coon already paid his fine and costs in full, failed to request a stay, and failed to offer any evidence that he would suffer some collateral disability or loss of civil rights from his conviction, we dismissed his previous appeal as moot. Coon I at 2.
 {¶ 14} Now, Coon appeals the trial court's denial of his request for a new trial. Again, we note Coon has paid his fine and costs in full, and he has failed to offer any evidence that he will suffer some collateral disability or loss of civil rights from his conviction. Accordingly, we find that we must dismiss his appeal as moot. See Cleveland v. Beck
(Nov. 24, 1993), Cuyahoga App. No. 64182. However, even if we were to assume, arguendo, that Coon's appeal was not moot, he could not prevail.
 {¶ 15} We will not disturb a trial court's decision granting or denying a Crim.R. 33 motion for new trial absent an abuse of discretion.State v. LaMar, 95 Ohio St.3d 181, 2002-Ohio-2128, at ¶ 82, citing Statev. Schiebel (1990), 55 Ohio St.3d 71, 76; State v. Matthews,81 Ohio St.3d 375, 378, 1998-Ohio-433. Likewise, the decision to grant or deny a hearing on the motion also lies within the trial court's sound discretion. State v. Hensley, Warren App. No. CA2002-01-002, 2002-Ohio-3494, at ¶ 7, following State v. Smith (1986),30 Ohio App.3d 138, 139.
 {¶ 16} We have applied the abuse of discretion standard of review to Crim.R. 33(B) motions for leave to file a delayed motion for new trial.State v. Pinkerman (1993), 88 Ohio App.3d 158, 160, citing State v.Wright (Mar. 31, 1992), Greene App. No. 90 CA 135. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 17} Here, Crim.R. 33(B) requires a defendant to file a motion for a new trial "within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein."
 {¶ 18} Coon claims that he was unavoidably prevented from filing his motion within fourteen days of the trial court's decision because it took time to get the director of public safety to amend Ohio Adm. Code4501-43-02. However, even if we presume that Coon sufficiently demonstrated the time necessary for the rulemaking process unavoidably prevented him from filing his motion, Coon offered no explanation as to why he then waited over six months after the effective date of the rule to file his motion. In the absence of clear and convincing proof that Coon was unavoidably prevented from filing his motion during that time, we cannot say that the trial court abused its discretion in determining that Coon's motion was not timely filed.
 III. {¶ 19} In his November 12, 2004 motion for sanctions, Coon notes that the State failed to timely file its brief in the instant appeal. Coon also notes that the State then failed to abide by our August 10, 2004 entry, wherein we sanctioned the State by denying it oral argument in this action, and further ordered the State to file its brief within twenty days of that entry. The State ultimately filed a motion to file its brief instanter accompanied by its brief on November 30, 2004, and we approved the filing of the State's brief by an entry dated December 9, 2004. Because Coon failed to allege that he suffered any prejudice as a result of the State's conduct, we overrule his motion and decline to order further sanctions.
 IV. {¶ 20} Because we find that Coon has paid his fine and costs in full, and he has failed to offer any evidence that he will suffer some collateral disability or loss of civil rights from his conviction, we find his appeal moot and dismiss it. Furthermore, even if we were to assume, arguendo, that Coon's appeal is not moot, we cannot say that the trial court abused its discretion in finding that his motion was not timely filed. Additionally, because we find that Coon failed to allege that he suffered any prejudice as a result of the State's failure to file its brief in accordance with our order, we overrule his motion for sanctions.
Appeal Dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion. McFarland, J.: Concurs in Judgment Only.
[1] Crim.R. 33(B) contemplates a two-step process for handling a delayed motion for new trial. If a defendant wishes to file a motion for a new trial more than fourteen days after the trial court's decision, he must first obtain leave to file such motion. Id. After he obtains leave, he has seven days to file his motion for a new trial. Id. See, also,State v. Dawson (2000), 89 Ohio St.3d 1208, 1209-1210 (Lundburg Stratton, J., concurring). Here, Coon filed a "Motion for New Trial Pursuant to Criminal Rule 33." However, it appears that the trial court treated it as a motion for leave to file a delayed motion for a new trial.